**In re GLOBE INVESTMENT AND LOAN COMPANY, INC., Debtor.**

**Giovanni B. MAGNONI, et al., Plaintiffs–Appellants,**

v.

**GLOBE INVESTMENT AND LOAN COMPANY, INC., et al., Defendants–Appellees.**

**No. 85–2353.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1988.

Decided Feb. 8, 1989.

Robert T. Mees, Mees & Lester, Sacramento, Cal., for the plaintiffs-appellants.

Reidun Stromsheim, Stokes, Welch & Stromsheim, San Francisco, Cal., James L. Stoelker, William Priest, Jr., Jeffrey Wong, The Priest Law Offices, San Jose, Cal., for the defendants-appellees.

Before FARRIS, POOLE and FERGUSON, Circuit Judges.

POOLE, Circuit Judge:

Giovanni Magnoni and fourteen other appellants brought an action to set aside a trustee's sale of a bankrupt's real estate. The appellants claimed that the sale violat-

ed the automatic stay provision of 11 U.S. C. § 362. They also alleged that the trustee in bankruptcy violated 11 U.S.C. § 363(b) by failing to notify them of the pending sale of the debtor's interest in the real estate. The bankruptcy court entered judgment for the appellees,[1] and the appellants appealed unsuccessfully to the district court. They now appeal the district court's order affirming the bankruptcy court.

We affirm.

## FACTS AND PROCEEDINGS BELOW

The facts in this case are basically not in dispute. Appellee Globe Investment and Loan Company (Globe) was engaged in business as a loan broker. In November 1980, Globe negotiated a loan between the owner of a parcel of real estate in Saratoga, California and seventeen investors, fifteen of whom are appellants in the present action. The investors made a loan to the property owner in exchange for promissory notes which were secured by a third deed of trust on the Saratoga property. The investors each received an interest in the third deed of trust in an amount proportionate to their respective investments. The second deed of trust was held by John Sanchez who is also an appellee in this action.

In 1981, the owner of the Saratoga property defaulted under both the second and third deeds of trust. The seventeen holders of the third deed of trust foreclosed on the Saratoga property and conducted a trustee sale on August 5, 1981. The sale conveyed the Saratoga property, subject, of course, to the priority of the senior lienholders, to the seventeen deedholders in the same proportion as their interests in the third deed of trust. The foreclosure extinguished the third deed of trust in its entirety.

On November 25, 1981, two of the seventeen original deedholders, Jeffrey and Linda Hancock, recorded an assignment of their six percent interest in the third deed

1. The appellees in this action are Globe Investment and Loan Co., Inc., John Sanchez, National American Title Insurance Company, California Foreclosure Services, John Billmeyer, Joseph Pruss, Cheryll Pruss and Raymond DeLay.

of trust to Globe.[2] As the third deed of trust had been extinguished by the August 5 foreclosure sale, it is not clear whether Globe acquired any type of recognizable interest in the Saratoga property. We need not resolve this ambiguity however, because the nature of Globe's ownership of the Saratoga property does not affect the outcome of this case.

On July 23, 1982, Globe filed a Chapter 7 petition for bankruptcy. Globe listed among its assets a six percent interest in the Saratoga property. John Billmeyer, an appellee in this action, was appointed trustee of Globe's estate. Following the filing of Globe's petition for bankruptcy, Sanchez (the holder of the second deed of trust) filed for non-judicial foreclosure of the Saratoga property. On September 2, 1982, a trustee's sale was conducted and Sanchez acquired title to the property.[3] This acquisition eliminated the interests of the appellants who had previously foreclosed on the third deed of trust.

After acquiring title to the Saratoga property, Sanchez entered into an agreement with Globe's trustee (Billmeyer), whereby Globe would execute a quit claim deed of any interest it might have in the Saratoga property in exchange for $5,400. The sum of $5,400 was believed to represent approximately six percent of the net sale consideration of the Saratoga property. On September 27, 1982, this agreement was approved by Judge Warren C. Moore of the United States Bankruptcy Court for the Northern District of California.

On November 9, 1982, the appellants filed a complaint to set aside the trustee's sale of Globe's erstwhile interest in the Saratoga property. The complaint asserted that the sale violated the automatic stay provision of 11 U.S.C. § 362. Perhaps uncertain whether they had a sufficient connection to the estate to assert a violation of section 362, the appellants filed a proof of claim with the bankruptcy court on January 17, 1983. The proof of claim alleges that the appellants have causes of action against Globe for damages for negligence in a fiduciary capacity and breach of contract which total $170,000 plus interest.[4] By filing the proof of claim, the appellants became "creditors" of Globe's estate.

Bankruptcy Judge Moore granted appellee John Billmeyer's motion for judgment on the pleadings on April 6, 1983, and granted similar motions by the remaining appellees on August 15, 1986. The appellants appealed both orders to the United States District Court for the Northern District of California. District Judge Robert B. Aguilar remanded the April 6, 1983 order to the bankruptcy court for findings of fact and conclusions of law. Similarly, District Judge Eugene F. Lynch remanded the August 15, 1986 order to the bankruptcy court.

On remand to the bankruptcy court, the cases were consolidated by stipulation of the parties and a hearing was held on February 9, 1984. At the hearing, counsel for the appellants, Mr. Robert Mees, offered to present the appellants' case through his own testimony. Mees was sworn as witness and proceeded to state his clients' case in narrative fashion.[5] After considering the evidence and arguments of counsel, Judge Moore entered findings of fact and

---

2. The Hancocks are the only original holders of the third deed of trust who are not appellants in this action.

3. The foreclosure and subsequent sale were conducted with the assistance of California Foreclosure Services and National American Title Insurance Company. Both are appellees in this action.

4. The causes of action arise from a prior dealing between Globe and the appellants. Globe negotiated a transaction for the appellants in which the appellants received a mortgage secured by real property. The appellants claim that Globe failed to list them as the beneficiary of a policy of fire insurance on the property which secured the mortgage. When the improvements on the property were destroyed by fire, the insurance company remitted the proceeds directly to the owner and the appellants allegedly incurred a $170,000 loss.

5. After completing his testimony, Mees asserted that the trustee violated 11 U.S.C. § 363 by failing to notify the appellants of Globe's execution of the quit claim deed. Although this claim does not appear to have been raised in the original pleadings, the bankruptcy court allowed it to be raised on remand.

conclusions of law, and granted judgment for the appellees. The appellants appealed to the district court.

In the district court, the cases were consolidated before Judge Charles E. Legge. Because the original pleadings were not contained in the record before the district court, Judge Legge treated the case as an appeal of a summary judgment order rather than an order granting judgment on the pleadings. On July 5, 1985, the district court affirmed the decision of the bankruptcy court holding that the appellees were entitled to judgment as a matter of law. This order of affirmance is the subject of this appeal.

## ISSUES

1. Whether the appellants have standing under 11 U.S.C. § 362 to challenge the trustee's sale.

2. Whether the appellants have standing under 11 U.S.C. § 363 to object to the failure of the trustee in bankruptcy to notify them of the sale of the bankrupt's interest in the Saratoga property.

## STANDARD OF REVIEW

The district court purported to treat this case as an appeal of an order granting summary judgment. In fact, it appears that the bankruptcy court conducted a full, albeit informal, trial on remand. That court heard sworn testimony, received evidence, and then entered findings of fact and conclusions of law. Thus, we review the bankruptcy court's findings of fact under a clearly erroneous standard and review its and the district court's conclusions of law de novo. *In re Wolf & Vine,* 825 F.2d 197, 199 (9th Cir.1987).

## DISCUSSION

1. *Standing under 11 U.S.C. § 362*

The automatic stay provided for by the Bankruptcy Code, 11 U.S.C. § 362, states, in part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of . . .

(4) any act to create, perfect, or eforce any lien against property of the estate.

The appellants contend that, as creditors of Globe's estate, they have standing to assert a violation of section 362. They find support for their position in statements in the legislative history of the Bankruptcy Code to the effect that "the automatic stay also provides creditor protection." H.R. Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6300. The appellees argued, and the district court concluded, that section 362 is intended solely for the benefit of the debtor estate. The appellees' position is supported by the majority of courts which have considered standing under section 362.[6]

■ Although it is questionable whether creditors of an estate may invoke the protections of section 362, we need not make that determination in this case. The appellants became creditors of Globe's estate by filing a proof of claim with the bankruptcy court. However, they have not pursued this action as Globe's creditors, but rather as owners of the Saratoga property.

The appellants' request for relief betrays the true nature of their claim in this action. In their Opposition to Motion for Summary Judgment filed with the bankruptcy court on February 2, 1983, the appellants told the court:

[Appellants] filed this action to obtain a judgment that the Notice of Trustee's Sale and subsequent sale are null and void as a violation of the automatic stay and *seek to be reinvested [sic] with title free and clear of any claims by the debtor or their estate,* or, in the alternative, for a money judgment in an amount equal to the difference between the value of the property on the day it was fore-

**6.** *See In re Brooks,* 79 B.R. 479, 481 (Bankr. 9th Cir.1987); *In re Stivers,* 31 B.R. 735 (Bankr.N.D. Cal.1983); *In re Fuel Oil Supply and Terminal-*

*ing, Inc.,* 30 B.R. 360, 362 (Bankr.N.D.Tex.1983); *In re Silverman,* 42 B.R. 509, 516 (Bankr.S.D.N. Y.1984).

closed upon and the value of the liens against the property on said date.

(emphasis added). On remand to the Bankruptcy Court, appellants' counsel, Mr. Mees, reiterated this position. In response to a question posed by opposing counsel, Mr. Mees admitted that the appellants were requesting that the court set aside the sale and declare them to be the owners of the property.

By seeking to obtain title to the property free and clear of Globe's estate, it is obvious that the appellants are not bringing this action as creditors of Globe's estate. Globe's creditors only suffered injury to the extent that the value of the six percent interest quitclaimed by the trustee exceeded the $5,400 received by the estate. As creditors, the appellants' maximum relief could only be for their share of damages arising from the trustee's execution of the quit claim deed.[7]

The appellants' cause of action under section 362 is a disingenuous attempt to use the Bankruptcy Code to their advantage. The appellants' request for relief shows them to be aggrieved property owners with interests adverse to the estate, not creditors. Whatever argument may be made for extending the protection of section 362 to creditors, it clearly does not confer any rights to outside parties. *In re Brooks*, 79 B.R. 479, 481 (Bankr. 9th Cir. 1987) ("if the debtor or the trustee chooses not to invoke the protections of § 362, no other party may attack any acts in violation of the automatic stay"); *See also In re Stivers*, 31 B.R. 735 (Bankr.N.D.Cal.1983) ("the automatic stay operates in favor of debtors and estates ... it gives junior lienholders and other parties interested in the property no substantive or procedural rights"); *In re Fuel Oil Supply and Terminaling, Inc.*, 30 B.R. 360, 362 (Bankr.N. D.Tex.1983) ("The automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage").

The appellants have attempted to use section 362 as a weapon against the estate. The legislative history behind section 362 clearly states that section 362 is intended to protect the debtor and to assure equal distribution among creditors. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 343 (1977). As the plaintiff's claim is antagonistic to the express purpose behind section 362, we find it to be wholly without merit.

### 2. *Standing under 11 U.S.C. § 363*

■ The appellants' second contention is that the trustee violated 11 U.S.C. § 363(b) by failing to notify them of the sale of Globe's 6% interest in the Saratoga property. 11 U.S.C. § 363(b) states that "[t]he trustee after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate". The notice requirements are contained in Bankruptcy Rule 2002(a)(2) which provides, in part, that all creditors shall receive not less than 20 days notice of a proposed use, sale, or lease of property other than in the ordinary course of business.

The claim under section 363 is spurious. The trustee's sale occurred in September 1982 and was approved by the bankruptcy court on September 27, 1982. The appellants did not become "creditors" of the estate until they filed their proof of claim on January 17, 1983. Since they were not creditors of the estate when the sale occurred, they were not entitled to notice under 11 U.S.C. § 363.

### CONCLUSION

The appellants do not have standing under either 11 U.S.C. § 362 or 11 U.S.C. § 363 to challenge Sanchez's foreclosure of the Saratoga property or the trustee's decision to sell Globe's six percent interest in the Saratoga property. Accordingly, the judgment of the district court is AFFIRMED.

---

**7.** Because the appellants had a $170,000 claim against the estate, their claim for damages as creditors would have been approximately: (Fair market value of the 6% interest—$5400) × ($170,000/Total claims against the estate).