**Peggy WILLETT, Plaintiff,**

v.

**VITEK, INC., a Texas corporation, E.I. du Pont de Nemours & Co., a Delaware corporation, and Does I–XXIX, Defendants.**

**No. CV–N–90–3–ECR.**

United States District Court,
D. Nevada.

April 9, 1992.

---

9. *Id.*

Jonathan H. King and Baline E. Cartlidge, Reno, Nev., for plaintiff.

Ken Bick, Reno, Nev., Kathyrn C. Grogman, Los Angeles, Cal., and Dan C. Bowen, Reno, Nev., for du Pont.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

On February 26, 1992, this Court entered an order (document # 60) requesting that plaintiff and defendant Du Pont ("Du Pont") file briefs addressing whether we may proceed with plaintiff's case against Du Pont in light of co-defendant Vitek's ("Vitek") pending bankruptcy and the automatic stay. We gave each side the opportunity to file opening and responsive briefs.

Du Pont filed its opening brief (document # 70) on March 17, 1992. Plaintiff filed her opening brief (document # 71) on the same date. Plaintiff filed her response (document # 75) on March 25, 1992. Du Pont filed its response (document # 77) on March 31, 1992. We now issue our ruling that the automatic stay entered by the Texas bankruptcy court as to debtor/co-defendant Vitek does not preclude this Court from proceeding with plaintiff's case against Du Pont.

As we noted previously in our order of February 26, 1992, Du Pont has filed a motion for summary judgment (document # 47) in this case. Du Pont also has filed a motion for severance of issue of Du Pont's duty (document # 69). We note at the outset that both sides agree that we should decide Du Pont's motion for summary judgment despite the automatic stay in effect as to Vitek. We also note that we do not decide the merits of Du Pont's motion for summary judgment in this order, nor do we decide Du Pont's motion for severance.

While plaintiff argues that the automatic stay inuring to Vitek should have no impact on our authority to proceed with plaintiff's case against Du Pont, Du Pont argues that with the exception of the summary judgment and severance motions, we should not proceed with plaintiff's case against Du Pont until the automatic stay in effect as to Vitek is lifted. Plaintiff also states that she will consent to dismissal of Vitek under Fed.R.Civ.P. 41(a)(2). For the reasons set out below, we conclude that we should proceed in all aspects with plaintiff's case against Du Pont without dismissing Vitek, despite the automatic stay in effect as to Vitek.

In our previous order, we identified several issues and cases for the parties to address. First, we raised the issue of whether Du Pont and Vitek are joint tortfeasors. If the parties are joint tortfeasors, neither party is indispensable. In *Lynch v. Johns–Manville*, 710 F.2d 1194 (6th Cir.1983), the court refused to extend the automatic stay to the solvent, non-debtor co-defendant because the co-defendant and the debtor were joint tortfeasors, and therefore, not indispensable in relation to each other. *Id.* at 1196.

In its papers, Du Pont does not address the relationship between Du Pont and Vitek other than Du Pont's claim that it would be entitled to indemnity from Vitek. Plaintiff, on the other hand, argues that Du Pont and Vitek are joint tortfeasors. The facts indicate that Du Pont provided a raw material to Vitek. Vitek combined the raw material with other substances to create the TMJ implant. Plaintiff alleges that

the implant was defective for the use to which it was put.

Plaintiff notes that in a motion to the bankruptcy court by Du Pont seeking a finding that the automatic stay did not apply to Du Pont, Du Pont argued that Du Pont and Vitek were joint tortfeasors. Du Pont does not dispute this fact. Further, as plaintiff notes, Du Pont and Vitek are joint tortfeasors, if the facts support such a conclusion, pursuant to NRS 41.141(5)(e), which provides that joint and several liability still exists between defendants when an injury to a person results from a product which is manufactured, distributed, sold or used in Nevada.

Under the facts of this case, joint and several liability exists between Du Pont and Vitek, necessitating the conclusion that Du Pont and Vitek are joint tortfeasors. In *Buck by Buck v. Greyhound Lines*, 105 Nev. 756, 783 P.2d 437, 442 (1989), the Nevada Supreme Court held that liability is joint and several where two or more tortfeasors cause an injury through combined or concurrent tortious conduct. In this case, plaintiff alleges that the combined tortious conduct of Du Pont and Vitek caused plaintiff's injuries.

Since Du Pont and Vitek are joint tortfeasors, each of them is liable for all of plaintiff's damages. Thus, if plaintiff were to obtain a judgment against Du Pont, plaintiff could recover the entire amount of the damage from Du Pont. Of course, contribution and indemnity exist. In fact, Du Pont argues that if plaintiff were to obtain a judgment against Du Pont, such a verdict necessarily would indicate that the product was defective and entitle Du Pont to receive full indemnity from Vitek. In such a situation, Du Pont argues, Vitek's estate would be hurt by the continuation of proceedings to allow a judgment to be entered against Du Pont because Du Pont's claim for indemnity would diminish the property in Vitek's estate.

While Du Pont's argument is meritorious in theory, the facts of this case indicate that such argument is meritless. Even though as a matter of tort law, Du Pont might be entitled to indemnity from Vitek if a jury were to determine that the product was defective, Du Pont's conduct precludes it from asserting an indemnity claim against Vitek. First, Du Pont did not file a cross-claim against Vitek for indemnity or contribution. Of course, once Vitek declared bankruptcy and the automatic stay took effect, Du Pont could not file such a cross-claim. The facts indicate, however, that plaintiff filed her complaint on December 11, 1989 and Vitek did not declare bankruptcy until June 17, 1990. Thus, Du Pont had over six months to file a cross-claim before the automatic stay took effect.

Second, and more important, Du Pont had to file any claim or potential claim it possessed against Vitek by November 5, 1990, since Du Pont is conceivably a creditor, distinct from the tort-plaintiff creditors, of Vitek. Tort-plaintiff creditors had until October, 1991, to file their claims. Plaintiff asserts and Du Pont does not dispute that Du Pont to this date has never filed a claim with the trustee of Vitek's estate. Thus, even if Du Pont is entitled to full indemnity from Vitek as a matter of tort law, as a matter of bankruptcy law, Du Pont may not assert such a claim until, if ever due to the discharge provisions of the bankruptcy code, after bankruptcy case is closed.

Since Vitek has filed under Chapter 7 for liquidation, at the close of the bankruptcy case Vitek and the estate no longer will exist. That is, there will be no property from which Du Pont can recover. Thus, even if we allow the proceedings to continue and plaintiff obtains a judgment against Du Pont, which under tort law would entitle Du Pont to indemnity from Vitek, Vitek's estate cannot be adversely affected by such facts because practically, Du Pont will be unable to obtain indemnity from Vitek. First, Du Pont failed to file a claim. Second, Vitek and property of the estate no longer will exist after the bankruptcy case is closed.

In *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.1986), a case involving a Chapter 11 reorganization, the court held that in unusual circumstances the automatic stay will apply to a solvent, co-defendant of the

debtor/defendant. *Id.* at 999. The court held that there must be "such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant and that a judgment against the third party defendant will in effect be a judgment or finding against the debtor." *Id.*

In *Matter of Lockard*, 884 F.2d 1171, 1179 (9th Cir.1989), the Ninth Circuit refused to apply the "unusual circumstances" rule from *Piccinin*. Even if this circuit were to apply the rule in some situations, we conclude that the circuit would not apply the rule under the facts of our case. As stated in our previous order, the *Piccinin* court was concerned about the impact on the debtor because the debtor was attempting to reorganize after the close of the bankruptcy case. Thus, the debtor would continue to exist after the end of the bankruptcy case.

In our case, if Vitek were attempting to reorganize, and Du Pont's claim for indemnity survived the discharge provisions of the bankruptcy code, a judgment in favor of plaintiff against Du Pont clearly would adversely impact Vitek because after. the close of the bankruptcy case, Du Pont would be able to sue Vitek for indemnity. Especially considering that the judgment probably would be very large, a judgment in favor of Du Pont and against Vitek in the indemnity action would seriously hinder, if not destroy, Vitek's reorganization.

The facts of our case, however, are that Vitek is seeking to liquidate under Chapter 7, not reorganize under Chapter 11. Thus, as outlined above, a judgment in favor of plaintiff and against Du Pont will not have an impact practically on Vitek's estate. No matter how we decide the stay issue, all Vitek's assets will be distributed, either to the tort plaintiffs through a settlement fund (see below), or to non tort plaintiff creditors who have filed claims with the bankruptcy court. After such distribution, Vitek's estate will have no property. Since Du Pont did not file a claim, even if it could obtain a judgment for indemnity, it would not be able to satisfy its judgment from Vitek's estate.

Further, in *Lockard*, the Ninth Circuit indicated that the only time the "unusual circumstances" rule might apply is if the solvent co-defendant's liability were derivative of the debtor-co-defendant's liability. *Id.* at 1179. In our case of products liability, since Du Pont and Vitek are joint tortfeasors and possess joint and several liability, Du Pont's liability is not derivative of Vitek's. Du Pont's liability may be independent of Vitek's liability. That is, Du Pont is not only liable if Vitek failed to warn. Du Pont could be liable for its own failure to warn.

If plaintiff were to obtain a judgment against Du Pont, as a practical matter liability against Vitek would be established. In fact, according to plaintiff, Vitek already implicitly has conceded liability. For the reasons set out above, however, this result will not adversely effect Vitek's estate beyond the effect that will occur without our decision to proceed with plaintiff's case against Du Pont, which possibly could lead to a judgment against Du Pont.

■ We have concluded that proceeding with plaintiff's case against Du Pont will not have an adverse impact on Vitek's estate. We might, however, have to consider whether allowing the proceedings to continue will have an adverse impact on creditors, including the tort plaintiffs. The only statute that would require us to consider the interests of creditors is 11 U.S.C. § 362, the automatic stay provision of the bankruptcy code.

In *In Re: Pecan Groves of Arizona*, 951 F.2d 242 (9th Cir.1991), the court held that § 362 protects the estate and not creditors of the estate. *Id.* at 245. The Ninth Circuit reached the same conclusion in *In Re: Globe Investment & Loan Co.*, 867 F.2d 556, 559 (9th Cir.1989). In *In Re: Stringer*, 847 F.2d 549, 551 (9th Cir.1988), the Circuit held that § 362 protects the relative positions of the creditors. Even applying this rule of law, in this case, enforcing the stay in favor of Du Pont also will not protect the relative positions of creditors.

Plaintiff notes and Du Pont does not dispute that Vitek, with the approval of the bankruptcy court, has set up a settlement

fund to pay the claims of the tort plaintiffs. This fund is independent and separate from the estate of Vitek. Consequently, the fund will be used exclusively to pay tort plaintiffs. Other creditors of Vitek will be unable to satisfy, in part or in full, their claims from this fund. Similarly, only this fund will be used to pay the tort plaintiffs. This fund consists of approximately $14,000,000 obtained from Vitek's insurers. It is undisputed that the insurers have paid Vitek the policy limits.

Consequently, there is a cap on how much the tort plaintiffs can extract from the Vitek estate. Since there are 2500 claimants each claimant will be entitled to approximately $3500. Thus, it appears that the tort plaintiffs will extinguish the entire settlement fund so that the creditors of Vitek who are not tort plaintiffs will be unable to obtain any money from the settlement fund. Further, since the bankruptcy court already has approved the settlement fund as the sole device to handle the tort claims, the tort plaintiffs will be unable to obtain recovery from Vitek other than through the settlement fund. Consequently, the relative positions of the creditors are unaffected whether or not we extend the stay to cover Du Pont.

It appears that the bankruptcy court has concluded that the stay in relation to Vitek does not disturb the other proceedings in the litigation. Pursuant to an order approved by the bankruptcy court, the tort plaintiffs shall not be precluded from pursuing their claims against parties other than Vitek (document # 71, Exhibit A, Designated Settlement Fund Indenture for Vitek, Inc., Debtor, pages 2–3).

We also conclude that 11 U.S.C. § 105(a) does not help Du Pont's argument. By its terms, § 105(a) applies only to the bankruptcy court. Since we are a district court, we do not have jurisdiction to extend the stay to cover Du Pont under § 105(a).

In conclusion, the case law extending the protection of the automatic stay to non-debtors in unusual circumstances does not support such an extension under the facts of this case. Further, as a practical matter, allowing this case to proceed against Du Pont will not have a practical adverse effect or impact on Vitek's estate. Consequently, the automatic stay inuring to Vitek does not also inure to Du Pont. The case, therefore, will proceed as against Du Pont. At this stage, however, the Court will not dismiss Vitek from the case.

IT IS, THEREFORE, HEREBY ORDERED that the automatic stay applicable to Vitek does not apply to Du Pont. Therefore, this Court will proceed with this case as against Du Pont.