**In re: Milivoj MARINKOVIC, Debtor,**

**Mel M. Marin, Appellant,**

v.

**Midland Loan Services, Inc., Appellee.**

**In re: Milivoj Marinkovic, Debtor,**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**Milivoj Marinkovic, Appellant,**

v.

**Midland Loan Services, Inc., Appellee.**

No. 05–15176, 05–15178.

United States Court of Appeals,
Ninth Circuit.

Submitted May 23, 2005.*

Decided Dec. 15, 2005.

---

Milivoj Marinkovic, Utica, NY, pro se.

Rob Charles, Esq., Lewis & Roca, LLP, Las Vegas, NV, for Appellee.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Debtor Milivoj Marinkovic appeals pro se an order of the Bankruptcy Appellate Panel (BAP) dismissing his appeal for failure to prosecute. Mel Marin, debtor's son, appeals pro se the BAP's finding that he lacked standing to appeal.

We affirm the BAP's determination as to Marin's standing and remand to allow Marinkovic, as the sole appellant, to pursue his appeal.

I.

Marin claims he had standing to challenge two orders of the Bankruptcy Court. The first, filed December 16, 2002, annulled an automatic stay that had been in effect pursuant to 11 U.S.C. § 362(a). The second order, filed February 3, 2003, denied Marin's motion to extend the time to file a notice of appeal from the Bankruptcy Court's order of November 26, 2002, which denied reconsideration of an early judgment that annulled another § 362(a) automatic stay. Marin's sole claim on appeal is that, because he was either a creditor or owner of the property subject to the automatic stays, he is a necessary party to the appeal. Marin's claim fails.

First, it is not clear that Marin is either a creditor or owner of the subject property. For the purposes of this disposition, however, we assume that he can legitimately claim one of these statuses.

Second, whether a party is necessary "can only be determined in the context of particular litigation." *CP National Corp.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

*v. Bonneville Power Admin.,* 928 F.2d 905, 912 (9th Cir.1991) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). In order to be considered a necessary party, Marin must show that he has an interest in the matter being litigated, the protection of which would be impaired or impeded if he were not joined. *CP National Corp.,* 928 F.2d at 911.

In the context of standing determinations, this Court has held that creditors and owners, other than the debtor, of the property at issue in a bankruptcy action do not have standing to challenge a judgment regarding violation of an automatic stay granted under § 362. *See Tilley v. Vucurevich (In re Pecan Groves of Ariz.),* 951 F.2d 242, 245–46 (9th Cir.1991) (holding that, when an appointed bankruptcy trustee fails to challenge acts purportedly in violation of an automatic stay under § 362, neither a creditor nor property owner has standing to appeal an adverse decision regarding a violation of the automatic stay); *see also Duckor Spradling & Metzger v. Baum (In re P.R.T.C., Inc.),* 177 F.3d 774, 778 (9th Cir.1999) (reaffirming rule that creditors have no independent standing to appeal automatic stay decisions); *Magnoni v. Globe Inv. & Loan Co., Inc. (In re Globe Inv. & Loan Co.),* 867 F.2d 556, 560 (9th Cir.1989) (holding that outside parties, such as property owners with claims to the property that are by definition adverse to the debtor, do not have standing to appeal automatic stay decisions). These cases denied standing to creditors and owners because "section 362 is intended solely to benefit the debtor estate." *In re Pecan Groves,* 951 F.2d at 245. We conclude that because Marin lacks standing as an owner or creditor, he also fails to demonstrate that he has a legal interest that would require him to be joined as a necessary party.

Therefore, the BAP denial of standing was not clear error.

## II.

Marinkovic contends the BAP abused its discretion by dismissing his appeal for failure to prosecute. *Cf. Morrissey v. Stuteville (In re Morrissey),* 349 F.3d 1187, 1189 (9th Cir.2003). We need not reach this contention because, in an order filed after jurisdiction transferred to this Court, the BAP expressed its willingness to vacate the dismissal for failure to prosecute and allow Marinkovic to continue with his appeal. For that reason, we remand to the BAP to allow it to vacate the dismissal.

## III.

Because this appeal is not frivolous, we deny Midland's request under Fed. R.App. P. 38 for damages and costs.

AFFIRMED in part; REMANDED in part.