FILED

FEB 26 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.  NC-14-1266-JuTaPa |
| | ) | |
| DEMAS WAI YAN, | ) | Bk. No.  NC-04-33526 |
| | ) | |
| Debtor. | ) | Adv. No. NC-08-03166 |
| _____ | ) | |
| | ) | |
| CRYSTAL LEI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M[1] |
| | ) | |
| DEMAS WAI YAN; CHEUK TIN YAN, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted Without Oral Argument
on February 19, 2015[2]

Filed - February 26, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Thomas E. Carlson, Bankruptcy Judge, Presiding

Appearances:  Appellant Crystal Lei, pro se, on brief; Mark W.
Lapham on brief for appellees.

_____

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2]  On September 3, 2014, the BAP issued a Clerk's Notice, indicating that this appeal appeared appropriate for submission without oral argument.  No response was received.  On September 22, 2014, the BAP entered an Order Re Oral Argument, ordering that this appeal be submitted without oral argument.

-1-

Before:  JURY, TAYLOR, and PAPPAS, Bankruptcy Judges.

Creditor Crystal Lei (Lei) appeals from the bankruptcy court's denial of her motion seeking damages for violations of the automatic stay under § 362(k)(1).[3]  Because Lei did not have standing to prosecute the violations of the automatic stay and the bankruptcy court did not abuse its discretion in not exercising its inherent authority to impose sanctions, we AFFIRM.

## I.  FACTS[4]

Background

The facts in this case are not in dispute.  On October 18, 2000, Demas W. Yan (Debtor) and Tony Fu (Fu) entered into a joint-venture agreement to convert a single-family residence into condominium units (the Real Property).  Debtor executed a promissory note in favor of Fu's sister, Stella Chen (Chen); the note was secured by a deed of trust against the Real Property. Lei is Fu's ex-wife.

On February 20, 2004, Debtor filed an action in state court to prevent Chen from foreclosing under the note.  After the state court denied Debtor's motion to stop the foreclosure,

---

[3]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[4]  Lei filed three Requests for Judicial Notice of certain items on the docket (the Requests).  Because all of the referenced documents are irrelevant to the issues we decide in this appeal, the Requests are DENIED.

Debtor filed for chapter 11 relief on December 19, 2004.[5]

While in chapter 11, Debtor sold the Real Property at a price sufficient to pay all allowed secured and unsecured claims in full. On May 19, 2006, the bankruptcy court entered an order appointing Janina N. Hoskins (Hoskins) as chapter 11 trustee. Later the case was converted to chapter 7, and Hoskins continued to serve as the chapter 7 trustee (Trustee).

Lei filed two proofs of claim in the bankruptcy case. On May 29, 2008, the bankruptcy court approved a settlement agreement between Trustee and Lei (the Settlement). The Settlement provided that Lei would have an allowed, unsecured non-priority claim in the amount of $45,000 and included broad mutual releases of all known and unknown claims of Lei and Trustee. By June 2008, Trustee had released all of the estate's prepetition claims against Lei. The assets of the estate have since been liquidated and all allowed claim holders, including Lei, have been paid in full with interest.

The State-Court Actions

Without authorization from the bankruptcy court or the Trustee, Debtor filed three post-petition lawsuits against both Fu and Lei in state court (collectively, the State Court Actions).

Fu commenced an adversary proceeding on December 31, 2008,

---

[5] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-3-

which sought to enjoin Debtor from asserting prepetition claims that remained property of the estate. On February 26, 2009, the bankruptcy court granted a permanent injunction prohibiting Debtor from asserting prepetition claims. Because there were sufficient estate funds to pay all claims in full, on June 15, 2009, the Court entered an order abandoning all prepetition claims to Debtor. The effect of the abandonment was to dissolve the injunction. On February 22, 2011, the bankruptcy court vacated the order abandoning the prepetition claims to Debtor.

Lei became a de facto party to the adversary proceeding when the bankruptcy court entered an injunction on July 26, 2011, directing Debtor to dismiss the State Court Actions against both Fu and Lei. On December 24, 2013, in a separate adversary proceeding, the bankruptcy court found that the State Court Actions were frivolous because the claims asserted were property of the estate and Debtor had no authority to assert the claims on the estate's behalf. Moreover, the estate had already given a full release of all claims.

Lei's Motion for Attorney Fees and Punitive Damages

On October 17, 2013, Lei filed a motion for attorney fees and punitive damages against Debtor and his father, Cheuk Tin Yan.[6] The bankruptcy court agreed that Debtor "willfully violated the automatic stay by asserting prepetition claims in state court when he was no longer authorized to do so and after those claims had been released." However, the bankruptcy court

---

[6] The bankruptcy court previously found that Debtor, not his father, "perpetrated the acts in question."

-4-

found that Lei was seeking damages for harm sustained in her capacity as a defendant to the State Court Actions, not as a creditor of the bankruptcy estate. Because Lei did not seek redress for interference with the administration of the estate, Lei did not have standing to bring a claim under § 362(k)(1). The bankruptcy court also found that it would be improper to exercise its inherent power to impose sanctions based on conduct in state court. The order denying Lei's motion was entered on May 9, 2014. Lei filed a timely notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

1. Whether Lei has standing under § 362(k)(1) to prosecute damages for violation of the automatic stay;

2. Whether the bankruptcy court abused its discretion in declining to exercise its inherent authority to impose sanctions on Debtor for conduct in another court; and

3. Whether the Panel should consider Lei's argument for sanctions under 28 U.S.C. § 1927 and, if so, whether the bankruptcy court has the power to make such award.

## IV. STANDARD OF REVIEW

Questions of law are subject to de novo review. United States v. Lang, 149 F.3d 1044, 1046 (9th Cir. 1998). Questions of fact are reviewed under the clearly erroneous standard. Pullman-Standard v. Swint, 456 U.S. 273, 287 (1982).

The bankruptcy court's imposition of sanctions under its

-5-

inherent power is reviewed for abuse of discretion. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 55 (1991).

The bankruptcy court abuses its discretion when it applied the incorrect legal rule or when its application of the law to the facts was: (1) illogical; (2) implausible; or (3) without support in inferences that may be drawn from the facts in the record. <u>United States v. Hinkson</u>, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

## V. DISCUSSION

**A. Whether Lei as an Individual Creditor May Recover Damages Under § 362(k)(1)**

11 U.S.C. § 362(k)(1) provides that "[a]n individual injured by any willful violation of a stay provided by [section 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The issue on appeal is whether Lei had standing to prosecute a claim for damages for violation of the automatic stay under § 362(k)(1) in this case.

**1) Standing under § 362(a)**

The Ninth Circuit has held that creditors do not have standing to enforce the protections of the automatic stay and the power to do so in a chapter 7 case belongs to the trustee. <u>Tilley v. Vucurevich (In re Pecan Groves of Ariz.)</u>, 951 F.2d 242, 245 (9th Cir. 1991).

In <u>Pecan Groves</u>, a trust deed holder foreclosed on property belonging to the debtor-in-possession without first obtaining relief from the automatic stay. <u>Id.</u> at 243. The chapter 11 case was eventually dismissed. <u>Id.</u> During debtor's subsequent

-6-

involuntary chapter 7 case, the property was sold by the foreclosing creditor to third party purchasers in an arms-length negotiated transaction. Id. at 244. The chapter 7 trustee, in the following voluntary chapter 7 case, initiated an adversary proceeding against the trust deed holder and the third party purchasers. Id. One of the trustee's causes of action sought to void the foreclosure because it was done in violation of the automatic stay. Id. Two creditors intervened as plaintiffs and alleged the same causes of action asserted by the trustee. Id. After the bankruptcy court ruled against the trustee and creditors, the creditors alone appealed to the BAP. Id. The BAP affirmed the bankruptcy court's ruling and held that the creditors did not have independent standing to appeal. Id. The Ninth Circuit affirmed the BAP and held that these creditors "do not have standing to attack violations of the stay because they are merely creditors, and not the debtor or the trustee." Id. at 244-45.

In so holding, the Ninth Circuit emphasized that the primary purpose of the automatic stay was to protect the debtor's estate. Id. at 245. The Ninth Circuit cited bankruptcy level cases indicating that "if the trustee does not seek to enforce the protections of the automatic stay, no other party may challenge acts purportedly in violation of the automatic stay." Id. (citing cases). Allowing creditors to invoke the protections of the automatic stay would "subvert the trustee's powers." Id. Because the trustee is entrusted with the administration of the estate, standing to enforce the automatic stay in a chapter 7 case falls within the exclusive

-7-

authority of the trustee. Id.

Pecan Groves is consistent with the legislative history behind § 362, namely to protect the debtor and to assure equal distribution among creditors. H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977). Pecan Groves merely clarifies that where the violation of the stay interferes with the administration of the estate to the detriment of creditors, the trustee as the representative of the bankrupt estate is the only party with standing to bring such claims. Pecan Groves, 951 F.2d at 245 ("The trustee is charged with the administration of the estate for the debtor's and creditor's benefit.").

Here, Lei does not have standing to prosecute a violation of the automatic stay under § 362(a)(3). Debtor's act of filing the State Court Actions, albeit improper, did not interfere with the administration of the estate. Lei as a creditor of the estate was paid in full pursuant to the Settlement. Because Lei is neither the trustee nor the debtor and the stay violation did not affect the administration of the estate, Lei does not have standing under § 362(a).

**2) Standing under § 362(k)(1)**

Without a violation of the automatic stay, no party may proceed to recover damages under § 362(k)(1).[7] Although Pecan Groves denies Lei standing to assert the stay violation, its reasoning is consistent with that applied by the bankruptcy

---

[7] Section 362(k)(1) provides: "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

-8-

court here when it declined to award damages to Lei.

The bankruptcy court here relied on <u>Magnoni v. Globe Inv. and Loan Co. (In re Globe Inv. and Loan Co.)</u>, 867 F.2d 556 (9th Cir. 1989), a Ninth Circuit case decided before <u>Pecan Groves</u>. In <u>Globe</u> the appellants brought an action to set aside a trustee's sale because the sale violated the automatic stay. <u>Id.</u> at 558. The appellants argued that as creditors of the estate, they had standing to assert a violation of § 362. <u>Id.</u> at 559. The Ninth Circuit found that in seeking to obtain title to the property free and clear of the estate, the appellants brought the action as property owners with interests adverse to the estate, not as creditors of the estate. <u>Id.</u> at 560. Therefore, they did not fall within the class of parties the stay was intended to protect.

The bankruptcy court here applied this principle when it determined Lei was not in the "zone of interest" entitled to recover damages under § 362(k)(1). The automatic stay protects creditors by ensuring "an orderly liquidation procedure under which all creditors are treated equally." H.R.Rep. No. 585, 95th Cong., 1st Sess. 340-41 (1977). Here, the integrity of the automatic stay is intact without Lei's participation. Trustee fulfilled her duties to liquidate the assets of the estate, and all allowed claims have been paid in full with interest. The protection of the automatic stay with respect to Lei as a creditor ends there. Accordingly both <u>Globe</u> and <u>Pecan Groves</u> stand for the principle that where the estate has been fully administered and equal distribution between creditors accomplished, creditors do not have standing to recover damages

-9-

under § 362(k)(1).

**B.    11 U.S.C. § 105(a)**

An award of damages under § 105(a) is within the discretion of the bankruptcy court. <u>Havelock v. Taxel (In re Pace)</u>, 67 F.3d 187, 192 (9th Cir. 1995)(remanding the BAP's award of damages under § 105(a) to allow the bankruptcy court to exercise its discretion in deciding whether and to what extent it would impose sanctions under § 105(a)); <u>United States v. Arkison (In re Cascade Roads, Inc.)</u>, 34 F.3d 756, 767 (9th Cir. 1994).

Here, the bankruptcy court found that it could not exercise its inherent authority to sanction Debtor for his conduct in state court. Citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44-45 (1991), the bankruptcy court noted the Supreme Court's emphasis that the bad-faith conduct occurred in the proceedings before the court that imposed the sanctions.

We reach a similar conclusion. Section 105 damages have been limited to circumstances where the bad-faith conduct occurred in bankruptcy court proceedings. <u>Id.</u> at 44 ("[I]nherent powers must be exercised with restraint and discretion."). Because the bankruptcy court did not apply an incorrect legal rule, and its application of <u>Chambers</u> is not illogical, implausible, nor without support in inferences drawn from the facts in the record, the bankruptcy court did not abuse its discretion by not imposing sanctions under § 105(a).

**C.    28 U.S.C. § 1927**

Appellant also asserts for the first time on appeal that the bankruptcy court should have awarded damages under 28 U.S.C. § 1927.

28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Lei's argument for relief under 28 U.S.C. § 1927 is waived because it was not raised before the bankruptcy court. Ruiz v. Affinity Logistics Corp., 667 F.3d 1318, 1322 (9th Cir. 2012); Armstrong v. Brown, 768 F.3d 975, 982 (9th Cir. 2014). Nevertheless, were we to consider it, Lei cannot prevail on this theory because the Ninth Circuit does not consider a bankruptcy court as a "court of the United States." Perroton v. Gray (In re Perroton ), 958 F.2d 889 (9th Cir. 1992); Determan v. Sandoval (In re Sandoval), 186 B.R. 490 (9th Cir. BAP 1995). Therefore, a bankruptcy court has no power to impose sanctions under 28 U.S.C. § 1927.

## VI. CONCLUSION

We AFFIRM for the reasons stated above.