NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DEMAS WAI YAN, Esquire,<br><br>Debtor.<br>_____<br><br>CRYSTAL LEI,<br><br>Appellant,<br><br>v.<br><br>DEMAS WAI YAN, Esquire; CHEUK TIN YAN,<br><br>Appellees. | No. 15-60019<br><br>BAP No. 14-1266<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Taylor, and Pappas, Bankruptcy Judges, Presiding

Submitted November 15, 2017[**]

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Crystal Lei appeals pro se from the judgment of the Bankruptcy Appellate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Panel ("BAP") affirming the bankruptcy court's order denying Lei's motion to sanction chapter 7 debtor Demas Wai Yan. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not err by denying Lei's request for attorney's fees incurred while defending against Yan's state court actions asserting pre-petition claims because Lei lacks standing to challenge violations of the automatic stay. *See Tilley v. Vucurevich (In re Pecan Groves of Ariz.)*, 951 F.2d 242, 245 (9th Cir. 1991) (the debtor and trustee are the only legal beneficiaries of the automatic stay); *cf. Magnoni v. Globe Inv. & Loan Co. (In re Globe Inv. & Loan Co.)*, 867 F.2d 556, 560 (9th Cir. 1989) (recognizing that parties with interests adverse to the bankruptcy estate do not have standing to enforce the automatic stay).

The bankruptcy court did not abuse its discretion by declining to exercise its inherent authority to sanction Yan based on his misconduct before another court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991) (setting forth standard of review).

The BAP properly concluded that bankruptcy courts lack authority to award sanctions under 28 U.S.C. § 1927 because bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451. *See Perroton v. Gray (In re*

15-60019

*Perroton)*, 958 F.2d 889, 895-96 (9th Cir. 1992).

Lei's request seeking relief from this court under 28 U.S.C. § 1927, set forth in her opening brief, is denied.

Lei's motion for judicial notice (Docket Entry No. 15) is also denied.

**AFFIRMED.**

15-60019