39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricia Helen BUSH, Appellant,
v.
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO, Appellee.
 No. 93-1345.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Patricia Helen Bush, appearing pro se, appeals from the district court's order affirming the bankruptcy court's denial of her request to pursue an appeal without prepayment of costs or fees. Generally, the denial of a request to proceed in forma pauperis is an appealable order because the denial precludes the litigant from filing his or her case. See Roberts v. United States Dist. Court, 339 U.S. 844, 845 (1950)(denial of motion to proceed in forma pauperis is appealable order); Tripati v. Rison, 847 F.2d 548, 548 (9th Cir.1988)(same); see, e.g., McNeil v. Guthrie, 945 F.2d 1163, 1168 (10th Cir.1991)(reversing district court's denial of in forma pauperis status).
 
 
 4
 In this case, because appellant seeks leave to file an appeal from a bankruptcy court's order, rather than to file a case initially, we examine whether the order to be appealed is final and appealable. The denial of leave to appeal in forma pauperis cannot transform an otherwise nonappealable order into an appealable one. We conclude the order to be appealed--authorizing sale of real property--is a final order, thus conferring jurisdiction on this court pursuant to 28U.S.C. 158(d). See Hendrick v. Avent, 891 F.2d 583, 586 (5th Cir.) (bankruptcy order authorizing part of bankruptcy estate to be sold is final judgment)(citing cases), cert. denied, 498 U.S. 819 (1990); see also In re Wade, 991 F.2d 402, 406 (7th Cir.) (bankruptcy orders involving property ownership are final and appealable)(dicta), cert. denied, 114 S.Ct. 195 (1993).
 
 
 5
 We address appellant's claim that she was entitled to in forma pauperis status to appeal the bankruptcy court's order to sell a residence located in Lakewood, Colorado, in which she held an interest. The basis for the appeal is her assertion that she was denied an opportunity to establish that the bankruptcy court's decision denying her discharge in bankruptcy was based on perjured testimony.
 
 
 6
 Appellant has previously appealed the bankruptcy court's order denying her discharge. Crystal Homes, Inc. v. Bush (In re Bush), No. 93-1079 (10th Cir. Feb. 23, 1994)(unpublished decision). Appellant proposes to relitigate her claim of perjured testimony brought in the prior appeal. See Appellant's brief at 1/25. The law of the case doctrine bars appellant from pursuing another appeal of the order denying her discharge in bankruptcy, and raising the issues surrounding the Lakewood property. See Anthony v. Baker, 955 F.2d 1395, 1397 n. 1 (10th Cir.1992)(law of the case doctrine is designed to prevent continued reargument of issues already decided).
 
 
 7
 The bankruptcy court denied appellant's request to appeal without the prepayment of fees and costs, holding the appeal was frivolous and without merit. A court is authorized to deny a petitioner in forma pauperis status and dismiss his or her claim if the claim is frivolous. See 28 U.S.C.1915(d)(court may dismiss case "if satisfied that the action is frivolous or malicious"). "[Section 1915(d) ] accords judges not only the authority to dismiss a claim based on an indisputable meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); accord Abbott v. McCotter, 13 F.3d 1439, 1440 (10th Cir.1994). We review the dismissal of a claim under 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 8
 Appellant maintains she is entitled to in forma pauperis status to appeal the order to sell the Lakewood residence based on her claims of perjured testimony resolved in her prior appeal, In re Bush, No. 93-1079. We have concluded above that the law of the case doctrine bars appellant from bringing the proposed appeal. Therefore, the proposed appeal is frivolous under 1915(d) because it lacks an arguable legal basis. Accordingly, we find no abuse of discretion in the orders denying appellant leave to pursue her appeal without prepayment of fees and costs.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470