**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: ROBERT RAEL; LISA RAEL,

  Debtors.

-----------------------------

PATRICK S. LAYNG, United States
Trustee for Region 19,

  Plaintiff - Appellee,

v.

ROBERT RAEL; LISA RAEL,

  Defendants - Appellants.

No. 18-8026
(D.C. No. 1:17-CV-00104-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

This appeal involves several orders entered in the bankruptcy proceedings

stemming from the joint petition for bankruptcy relief filed by Robert and Lisa Rael

("the Raels"), and the adversary proceeding filed by the United States Trustee

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

("Trustee") seeking denial of the Raels' claim for discharge. The Raels appeal the district court's orders (1) affirming the bankruptcy court order denying their motion to dismiss the adversary proceeding; (2) affirming the bankruptcy court's denial of their C.R.C.P. 60(b) motions, which, like the motion to dismiss, challenged the court's jurisdiction to enter an order permitting the sale of their real property; (3) reversing the bankruptcy court judgment granting their claim for discharge; and (4) reversing the bankruptcy court's order requiring the Trustee to pay the Raels' attorney fees as a discovery sanction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## BACKGROUND

The bankruptcy court confirmed the Raels' Amended Chapter 11 Plan of Reorganization ("the Plan") and granted a final decree soon thereafter. As pertinent here, the Plan required them to satisfy a debt to Wells Fargo Bank, N.A. ("Wells Fargo") by selling several parcels of real property in Wyoming and making monthly payments to Wells Fargo. The Raels voluntarily closed their Chapter 11 case after confirmation to avoid accruing Trustee's fees during the administration of the Plan.

After the Raels defaulted on their monthly payments, Wells Fargo obtained state court judgments against them and filed liens against the Wyoming properties based on those judgments. In response, the Raels filed motions in the bankruptcy court to reopen the Chapter 11 case and to hold Wells Fargo in contempt for filing the state court proceedings.

2

In the reopened proceedings, the bankruptcy court issued an order at the Raels' request approving the sale of the Wyoming properties that were the subject of the liens ("Sale Order"). Consistent with the terms of the Plan, the Sale Order required the Raels to pay the proceeds of any sales to Wells Fargo. The court denied the Raels' motions to hold Wells Fargo in contempt for obtaining the state court judgment and filing the liens ("Contempt Orders"). After the court denied the Raels' motion for reconsideration of the Contempt Orders, they appealed to the Tenth Circuit Bankruptcy Appellate Panel ("BAP"), which affirmed. *Rael v. Wells Fargo Bank, N.A., (In re Rael)*, Nos. WY–14–035, 08–20251 & WY–14–048, 527 B.R. 799, 2015 WL 847432 (B.A.P. 10th Cir. Feb. 27, 2015) ("BAP Order").

While the appeal of the Contempt Orders was pending, the Raels closed on the sale of one of the Wyoming properties that was the subject of the state court liens and the bankruptcy court's Sale Order, but they did not give the proceeds to Wells Fargo as required by the Sale Order. Instead, almost a year after the closing, they used the proceeds to pay their non-dischargeable legal fees and IRS debt. Soon thereafter, they converted their Chapter 11 case to a Chapter 7 proceeding and filed a motion for discharge.

The Trustee then commenced an adversary proceeding to prevent discharge under 11 U.S.C. § 727(a)(6), on the ground that the Raels violated the Sale Order by not giving Wells Fargo the proceeds of the sale. The Raels moved to dismiss the adversary proceeding and to set aside the Sale Order, claiming that the bankruptcy court lacked jurisdiction to enter the Sale Order because, after the court closed the

3

Chapter 11 case, the Wyoming properties were no longer the property of the bankruptcy estate. The court denied both motions. After trial, the court granted discharge, finding that the Raels violated the Sale Order but that their non-compliance was not willful because they violated the order in reliance on the advice of their attorney. *U.S. Trustee v. Rael (In re Rael)*, Case Nos. 08-20251 & 15-2013, 2017 WL 4083128, at *4 (Bankr. D. Wyo. Sept. 14, 2017).

On appeal, the U.S. District Court for the District of Wyoming affirmed the orders denying the Raels' motion to dismiss the adversary proceeding and to set aside the Sale Order, but reversed the judgment granting discharge, concluding that the bankruptcy court's determination that the Raels' violation of the Sale Order was not willful was clearly erroneous. The district court also reversed the order awarding attorney fees against the Trustee as a discovery sanction.

## DISCUSSION

### I. Denial of Motion to Dismiss Adversary Proceeding

The Raels claim the bankruptcy court erred by denying their motion to dismiss the adversary proceeding under Fed. R. Civ. P. 12(b)(6) on the ground that the court lacked jurisdiction to enter the Sale Order in the reopened Chapter 11 proceeding and therefore lacked jurisdiction to enforce that order in the adversary proceeding. We disagree.

When hearing an appeal from a district court's review of a bankruptcy court order, we independently review the underlying bankruptcy court decision. *Jubber v. SMC Elec. Prods., Inc. (In re C.W. Mining Co.)*, 798 F.3d 983, 986 (10th Cir. 2015).

4

We accept the bankruptcy court's factual findings unless they are clearly erroneous. *Alderete v. Educ. Credit Mgmt. Corp. (In re Alderete)*, 412 F.3d 1200, 1204 (10th Cir. 2005). But we review its legal conclusions, including on jurisdictional questions, de novo. *Lee v. McCardle (In re Peeples)*, 880 F.3d 1207, 1212 (10th Cir. 2018).

Initially, we note that in affirming the bankruptcy court's denial of the motion to dismiss, the district court interpreted the Raels' argument as challenging the bankruptcy court's jurisdiction over the adversary proceeding itself. Aplt. App. Vol. V, at 1039. To the extent the Raels make such an argument on appeal, we reject it. A challenge to the propriety of discharge under § 727 impacts the determination whether to grant discharge. It is thus part of a core proceeding that is plainly within the bankruptcy court's jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I) (providing that the bankruptcy court may hear proceedings related to core proceedings, including "determinations as to the dischargability of particular debts").

We also reject the Raels' contention that the bankruptcy court's ruling in the Contempt Orders constituted a finding that the court lacked jurisdiction over the property after the case was closed. In their contempt motions, the Raels claimed Wells Fargo's state court actions were improper because they violated the automatic stay and because the bankruptcy court had exclusive jurisdiction to enforce the provisions of the Plan. Relying on *Santander Consumer, USA, Inc. v. Houlik (In re Houlik)*, 481 B.R. 661 (B.A.P. 10th Cir. 2012), the bankruptcy court rejected those arguments, finding that (1) after the case was closed, the automatic stay was no

5

longer in effect, and (2) Wells Fargo was entitled to enforce its rights under the confirmed Plan in state court because the bankruptcy court did not have exclusive jurisdiction over the property. *See id.* at 674 (holding that automatic stay terminates as to bankruptcy estate property upon plan confirmation and as to all other property when the case is closed and that bankruptcy courts do not have "related to" jurisdiction to issue sanctions in non-core post-confirmation actions alleging a violation of the plan for filing state court enforcement action). With respect to the latter finding, the court concluded that the bankruptcy court retained jurisdiction over core proceedings and matters related to the bankruptcy estate, but that the state court had jurisdiction over Wells Fargo's state court actions to enforce its liens and determine the priority of lien rights. *See id.* at 679 (Brown, J., concurring) (explaining that the "state court would have concurrent jurisdiction to enforce the Plan as a contract" between the debtors and their creditors). The BAP affirmed, holding that while the bankruptcy court was "not left without jurisdiction entirely," it "did not have *exclusive* jurisdiction to enforce" the Plan. *In re Rael*, 527 B.R. 799, 2015 WL 847432, at *1, 8 (emphasis added).

Contrary to the Raels' contention, nothing in either the Contempt Orders or the BAP Order suggested that, after the case was closed, the bankruptcy court lacked jurisdiction over any matters related to the property that was the subject of the Sale Order—those orders simply held that the bankruptcy court did not have exclusive jurisdiction over issues related to the subject property. Indeed, an order that the bankruptcy court lacked jurisdiction altogether would have been inconsistent with the

6

jurisdiction retention language in the Plan, which provided that the bankruptcy court retained post-confirmation jurisdiction to "enter orders necessary or appropriate to carry out the provisions of" the Plan. Aplt. App. Vol. I, at 152.

In any event, at the Raels' request, the case had been reopened before the Sale Order was entered. And, because entry of a sale order is a core proceeding, the bankruptcy court was statutorily within its jurisdiction to enter an order—again, at the Raels' request—authorizing them to sell the property. *See* 11 U.S.C. §§ 363(f)-(h) (setting forth circumstances under which trustee may sell property in the bankruptcy estate); 11 U.S.C. § 1107(a) (providing that, subject to limitations not applicable here, a debtor in possession has the same rights and powers as the trustee); 28 U.S.C. § 157(b)(2)(N) (providing that bankruptcy court may hear and determine all core proceedings, which include "orders approving the sale of property"); Fed. R. Bankr. P. 6004 (establishing procedure for obtaining bankruptcy court order authorizing sale of property).

## II.     Denial of Rule 60(b) Motions to Vacate or Set Aside Sale Order

The Raels also claim the bankruptcy court erred by denying their motions under Fed. R. Civ. P. 60(b), which is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024. We disagree.

As with the other bankruptcy court rulings, we directly review the bankruptcy court's decision on the Rule 60(b) motions and do not defer to the district court's intermediate appellate analysis. *See Paul v. Iglehart (In re Paul)*, 534 F.3d 1303, 1310 (10th Cir. 2008). We review the bankruptcy court's ruling on a Rule 60(b)(4)

7

motion de novo, *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d

1155, 1158 (10th Cir. 1990) (determination whether judgment is void under

Rule 60(b)(4) for lack of jurisdiction is reviewed de novo), and we review its ruling

on Rule 60(b)(5) and (6) motions for "an abuse of discretion, keeping in mind that

Rule 60(b) relief is extraordinary and may only be granted in exceptional

circumstances," *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016).

The Raels' Rule 60(b) motions sought to vacate the Sale Order as void under

Rule 60(b)(4) and argued that enforcement of the order was inequitable under

Rule 60(b)(5) and that justice required that it be set aside under Rule 60(b)(6) due to

mutual mistake. All of the Raels' Rule 60(b) arguments are based on their challenge

to the bankruptcy court's jurisdiction to enter the Sale Order and their

mischaracterization of the rulings in the Contempt Orders and BAP Order. Having

already concluded that the bankruptcy court had jurisdiction to enter the Sale Order

and that neither the Contempt Orders nor the BAP Order suggested otherwise, we

find no error in the bankruptcy court's denial of the Rule 60(b) motions on the same

basis.[1]

---

[1] In light of this conclusion, we need not address the Trustee's argument that the Raels' challenges to the Sale Order in the context of their Rule 60(b) arguments are barred as untimely because they did not appeal the Sale Order within 14 days after it was entered. *See* 28 U.S.C. § 158(c)(2); Fed. R. Bankr. P. 8002(a)(1). We nevertheless note that we have previously held, in an unpublished decision, that a bankruptcy court order "authorizing sale of real property . . . is a final order" for purposes of 28 U.S.C. § 158(d), which governs the jurisdiction of the courts of appeals over appeals from final decisions, judgments, orders and decrees under 28 U.S.C. § 158(a) and (b). *Bush v. U.S. Bankr. Ct. for Dist. of Colo. (In re Bush)*,

## III. Denial of Discharge Claim

The Raels next contend that the district court erred by reversing the bankruptcy court order granting them a complete discharge of their debts. More specifically, they claim the district court applied the wrong standard of review in rejecting the bankruptcy court's conclusion that they did not intentionally violate the Sale Order and based its holding on its own unsupported findings, which were contrary to the findings of the bankruptcy court. We disagree.

"Where a district court acts in its capacity as a bankruptcy appellate court, we review the bankruptcy court's decision independently." *Ahammed v. Sec. Investor Prot. Corp. (In re Primeline Sec. Corp.)*, 295 F.3d 1100, 1105 (10th Cir. 2002). We review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1292 (10th Cir. 1997). A finding is clearly erroneous if "it is without factual support in the record or if, after reviewing all of the evidence, [the Court is] left with the definite and firm conviction that a mistake has been made." *Gillman v. Ford (In re Ford)*, 492 F.3d 1148, 1153 (10th Cir. 2007) (internal quotation marks omitted).

Under 11 U.S.C. § 727(a)(6)(A), a court will deny a discharge if "the debtor has refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify." Section 727(a)(6) gives the bankruptcy court a means to ensure debtors seeking discharge are straightforward in dealings with

---

No. 93–1345, 1994 WL 596762, at *1 (10th Cir. Nov. 2, 1994) (citing *Hendrick v. Avent*, 891 F.2d 583, 586 (5th Cir. 1990)) (further citations omitted).

creditors and that they comply with its orders, and the denial of discharge for refusing to obey a court order follows the general rule that a court order "must be obeyed by the parties until it is reversed by orderly and proper proceedings." *Maness v. Meyers*, 419 U.S. 449, 459 (1975) (internal quotation marks omitted).

The party objecting to discharge under § 727(a)(6) must demonstrate that "the debtor received the order in question and failed to comply with its terms." *Standiferd v. U.S. Trustee*, 641 F.3d 1209, 1212 (10th Cir. 2011) (internal quotation marks omitted). The burden then shifts to the debtor to explain his non-compliance. *Id*. The court "may not deny discharge under § 727(a)(6)(A) unless it finds that the debtor's non-compliance was willful." *Id*. (explaining that the Code does not grant the "substantial benefit" of discharge "indiscriminately" and that "the opportunity for a completely unencumbered new beginning is reserved only for the honest but unfortunate debtor" (internal quotation marks omitted)).

A party acts willfully when he fails to comply with a court order even if he subjectively believed the order was invalid. *See Walker v. City of Birmingham*, 388 U.S. 307, 316-17, 320 (1967) (upholding criminal contempt for violation of injunction, even where injunction raised "substantial constitutional issues"); *GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 375, 386 (1980) (holding that those subject to a court order "are expected to obey that [order] until it is modified or reversed, even if they have proper grounds to object to the order"). Thus, if a party "to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order

10

pending appeal," and parties "who make private determinations of the law and refuse to obey an order generally risk" adverse rulings. *Maness*, 419 U.S. at 458; *see also Howat v. Kansas*, 258 U.S. 181, 189–90 (1922) (explaining that court orders must be obeyed "however erroneous the action of the court may be," until they are "reversed for error by orderly review" and "disobedience of them is contempt of [the court's] lawful authority").

Here, the bankruptcy court found that the Trustee had satisfied its burden of establishing that the Raels violated the provision in the Sale Order requiring them to give the sale proceeds to Wells Fargo, but that they had met their burden of showing that the violation was not willful because they acted in reliance on the advice of their counsel.

To prove their advice of counsel defense, the Raels were required to show that (1) they requested counsel's advice about what to do with the proceeds of the sale and communicated all relevant facts to counsel; (2) counsel advised them not to give the proceeds to Wells Fargo and that it was legal not to pay Wells Fargo; and (3) they relied in good faith on counsel's advice in using the proceeds to pay other debts. *See C.E. Carlson, Inc. v. S.E.C*, 859 F.2d 1429, 1436 (10th Cir. 1988) (listing elements of advice of counsel defense); *In re Rupp v. Biorge*, 536 B.R. 24, 30 (Bankr. D. Utah 2015) (same).

The bankruptcy court's conclusion that the Raels relied on counsel's advice in violating the Sale Order was based on its finding that they relied on counsel's February and March 2015 letters advising them that, based on his view that the Sale

11

Order was invalid, they could use the proceeds of the sale to pay their non-dischargeable debts to him and the IRS. But in reversing the discharge determination, the district court found that the bankruptcy court's advice-of-counsel finding was clearly erroneous because it did not address the fact that the sale closed in April 2014 and the Raels were in violation of the Sale Order for over ten months before receiving counsel's advice.

Our independent review of the record confirms that the Raels did not explain their failure to comply with the Sale Order between when the sale closed and when they received counsel's letters. While they testified that counsel had told them he questioned the validity of the Sale Order before he sent the letters advising them how to distribute the sale proceeds, there is no evidence indicating that he advised them between April 2014 and February 2015 to ignore the clear requirement of the Sale Order that they use the proceeds to pay Wells Fargo, not to mention the Plan's mandate that they pay Wells Fargo before paying any other creditors, including the IRS.

We thus agree with the district court's conclusion that the bankruptcy court clearly erred in finding that the Raels' non-compliance was not willful because it was based on the advice of counsel.[2] *See Middleton v. Stephenson*, 749 F.3d 1197, 1201

---

[2] Having concluded that the bankruptcy court's advice of counsel finding was clearly erroneous, we need not address the Trustee's argument that the court further erred by not requiring the Raels to prove—in addition to the other elements of the advice of counsel defense—that counsel was independent. We recognize that this Circuit has held that to prevail on the advice of counsel defense in SEC enforcement actions, counsel must be independent or disinterested. *See S.E.C. v. Kokesh*,

12

(10th Cir. 2014) (explaining that under clear error standard, reversal is appropriate if a "finding lacks factual support in the record"); *Takecare Corp. v. Takecare of Okla., Inc.*, 889 F.2d 955, 957–58 (10th Cir. 1989) (recognizing that "under certain circumstances, a party's reasonable reliance on the advice of counsel may defuse otherwise willful conduct," but holding that defendant could not prove reasonable reliance on the advice of counsel where there was no "showing of what counsel advised defendant"); *New Prods. Corp. v. Dickinson Wright PLLC (In re Modern Plastics Corp.)*, 577 B.R. 690, 710 (W.D. Mich. 2017) (upholding bankruptcy court ruling finding parties in contempt for violating an order requiring them to make certain payments, concluding that the they "did not promptly comply with the order" because they failed to make the required payment for several months following entry of the order). And, because the Raels' advice of counsel defense did not mitigate their willful violation of the Sale Order, the bankruptcy court erred in granting their request for discharge.

## IV. Award of Attorney Fees against Trustee

The Raels further maintain that the district court erred in reversing the bankruptcy court's award of attorney's fees against the Trustee as a discovery

---

834 F.3d 1158, 1167 (10th Cir. 2016) (requiring independence for advice of counsel defense in securities fraud civil enforcement action), *rev'd on other grounds*, __ U.S. __, 137 S. Ct. 1635 (2017); *C.E. Carlson, Inc.*, 859 F.2d at 1436 (same); *S.E.C. v. Melchior*, No. 90–C–1024J, 1993 WL 89141, at \*20 (D. Utah Jan. 14, 1993) (holding that "[d]efendants cannot claim to reasonably rely on the advice of counsel where counsel has a pecuniary interest in the offering and thus participated in the allegedly violative scheme"). But this Circuit has not applied that requirement in the bankruptcy context, and we need not decide whether to do so here.

13

sanction, and the Trustee cross-appeals that order. We agree with the district court's conclusion that the award is inconsistent with the bankruptcy court's finding that the Trustee's lack-of-knowledge objections were substantially justified. Accordingly, we reverse the fees order.

Federal Rule of Civil Procedure 37(a)(5)(A), which is made applicable here by Federal Rule of Bankruptcy Procedure 7037, provides that, if a motion to compel discovery is granted, the court must require the party avoiding discovery to pay the movant's reasonable expenses, including attorney fees. "But the court must not order this payment" if the "nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). The Supreme Court has defined "substantially justified" as "not justified to a high degree" but "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

We review the bankruptcy court's substantial justification determination and its decision to impose sanctions for an abuse of discretion. *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1228 (10th Cir. 2015) (reviewing substantial justification determination under Fed. R. Civ. P. 37(c)(1) for abuse of discretion); *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994) (reviewing imposition of sanctions for abuse of discretion). A court abuses its discretion when its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (internal quotation marks

14

omitted). A court also abuses its discretion if it bases its ruling "on an erroneous view of the law." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

Here, the Raels served requests for admission ("RFA") on the Trustee that sought information related to the dispute between the Raels and Wells Fargo, including whether Wells Fargo had a mortgage interest in or judgment lien against their property. The Trustee objected to the RFAs on numerous grounds, including lack of knowledge.

In ruling on the Raels' motion to compel, the bankruptcy court sustained one of the Trustee's objections, overruled others, and, with respect to the lack-of-knowledge objection, ordered the Trustee to file amended responses explaining what steps it took to comply with Rule 36's reasonable-inquiry requirement. *See* Fed. R. Civ. P. 36(a)(4) (providing that a party answering RFAs "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny"). As pertinent here, the court found that the Trustee's lack-of-knowledge objection was "reasonably justified," because the RFAs may have sought information outside the Trustee's control and a party responding to RFAs is not required to obtain responsive information from third parties to satisfy the reasonable-inquiry requirement. Aplt. App. Vol. I, at 61B-61C. Despite finding that there was "substantial justification [for] objecting," the court ordered the Trustee to pay a portion of the Raels' attorney's fees as a sanction for not providing an adequate reasonable inquiry

15

explanation. *Id.* at 61C-61D. The court denied the Trustee's motion to reconsider, reiterating its conclusion that sanctions were warranted despite its finding that the objection was "reasonably justified." Aplee. App. at 1. On appeal, the district court reversed the sanctions award, concluding that the bankruptcy court abused its discretion by ordering the Trustee to pay the Raels' attorney's fees "when [it] simultaneously found the Trustee's response was justified." Aplt. App. Vol. V, at 1035-36.

Initially, we reject the Raels' contention that the bankruptcy court "misspoke" and did not mean to find that the Trustee's objection was substantially justified. Aplt. Br. at 51. The bankruptcy court made that express finding several times in its oral ruling on the motion to compel and again in the order denying the Trustee's motion to reconsider. We decline to second guess the meaning of the court's finding and conclude that the record supports it. *See G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 831 (10th Cir. 1990) (appellate court should not second guess at the meaning of the district court's order). And, having concluded that the Trustee's objection, though ultimately unsuccessful, was substantially justified, the bankruptcy court lacked authority under Rule 37 to impose sanctions. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) (court "must not" impose sanctions if the objection was substantially justified). Accordingly, the court's order was based on an erroneous view of the scope of its authority under Rule 37(a)(5)(A)(ii) and was therefore an abuse of discretion. *See King v. Fleming*, 899 F.3d 1140, 1147 (10th Cir. 2018) (a court

16

abuses its discretion if its discovery or sanctions order is based on an erroneous view of the law (citing *Cooter & Gell*, 496 U.S. at 405)).

## CONCLUSION

The district court's rulings are affirmed, and the case is remanded to the district court with instructions to remand to the bankruptcy court for further proceedings consistent with this order and judgment.

Entered for the Court

Gregory A. Phillips
Circuit Judge