**PUBLISH**
**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

In re: ADAM PEEPLES; JENNIFER K. PEEPLES,

     Debtors.

------------------------------

ADRIAN J. LEE; ANGELA LYNN NOYES LEE,

     Plaintiffs Counter Defendants - Appellants,

v.

No. 17-4046

SCOTT J. MCCARDLE, individually and as trustee of the Jack and Ruth McCardle Trust,

     Defendant Counterclaimant - Appellee.
_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:16-CV-00808-JNP)**
_____

Adrian J. Lee, Holladay, Utah, pro se and for Co-Appellant.

Daniel K. Brough, Bennett Tueller Johnson & Deere, Salt Lake City, Utah (Brigman L. Harman, Bennett Tueller Johnson & Deere, Salt Lake City, Utah, with him on the brief) for Appellee.
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.

_____

**MORITZ**, Circuit Judge.

_____

Plaintiffs Adrian and Angela Lee[1] asked the bankruptcy court to declare that the automatic stay in Adam and Jennifer Peeples' bankruptcy case applies to a separate lawsuit Adrian Lee filed in state court against defendant Scott McCardle. The Lees also asserted that the automatic stay prevented McCardle from collecting attorney's fees levied against Adrian Lee in that state-court lawsuit. The Lees further sought damages against McCardle for willfully violating the automatic stay. The bankruptcy court found—and the district court agreed—that the automatic stay didn't apply to the state-court lawsuit. Thus, it granted summary judgment to McCardle. The Lees appeal, arguing that the district court erred in ruling that the automatic stay didn't apply. We don't reach this question; instead, we vacate the district court's judgment against Angela Lee because she lacks Article III standing to bring this lawsuit, and we affirm summary judgment against Adrian Lee because his claims don't fall within the Bankruptcy Code's zone of interests.

**I**

In 2012, the Lees obtained a default judgment against the Peepleses for unpaid rent and waste. In 2013, they obtained a second default judgment against the Peepleses for fraud. The Lees then sought to collect on those judgments by garnishing distributions that the Jack and Ruth McCardle Trust (the Trust) allegedly

---

[1] Adrian Lee is a barred attorney who is representing himself and Angela Lee, his wife, in this matter.

owed Adam Peeples. Trustee Scott McCardle responded that Adam Peeples was only an inconsequential beneficiary of the trust who wasn't owed any distributions. Adrian Lee then sued Scott McCardle in Utah state court, both individually and in Scott McCardle's capacity as trustee, essentially alleging that Scott McCardle's undue influence over Ruth McCardle prompted her to disinherit Adam Peeples in a memorandum amending the Trust. Thus, Lee asserted that the memorandum must be rescinded and that the Trust owed Adam Peeples overdue distributions dating back to Ruth McCardle's death in 2009. Lee sought to collect these distributions as Peeples' judgment creditor.

The state court dismissed the lawsuit because it determined Lee didn't have standing and, alternatively, the claims were time-barred. The state court further ordered Lee to pay McCardle attorney's fees and left the case open to determine those fees. The Peepleses filed their bankruptcy petition while the state court was calculating fees. Lee then argued that the automatic stay triggered by the Peepleses' bankruptcy petition covered his lawsuit against McCardle and moved to stay further proceedings. The state court denied the motion and entered judgment assessing $41,889 in attorney's fees against Lee.

The Lees initiated this adversarial proceeding against McCardle in the Peepleses' bankruptcy case a week before the state court entered final judgment. The Lees sought (1) a declaratory judgment to confirm that the automatic stay applied to the state-court lawsuit and (2) damages from McCardle for willfully violating the automatic stay. The Lees moved for partial summary judgment on the declaratory

3

judgment and the issue of McCardle's liability for violating the automatic stay. But they reserved the issue of damages for trial. McCardle filed a cross-motion for full summary judgment. The bankruptcy court held that the automatic stay didn't apply to the state-court lawsuit because Lee had asserted claims against McCardle, not Adam Peeples. Thus, the bankruptcy court denied the Lees' motion and granted McCardle's.[2] The Lees appealed to the district court, which affirmed for substantially the same reasons the bankruptcy court provided in its order.

## II

When hearing an appeal from a district court's review of a bankruptcy-court order, "we independently review the bankruptcy court's decision, applying the same standard as the . . . district court." *Jubber v. SMC Elec. Prods., Inc. (In re C.W. Min. Co.)*, 798 F.3d 983, 986 (10th Cir. 2015). We review bankruptcy-court orders granting summary judgment in adversarial proceedings de novo, *id.*, and affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Fed. R. Bankr. P. 7056 (applying Rule 56 to adversarial proceedings). The scope of the automatic stay is a question of law that we review de novo regardless of the case's posture. *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1082 (10th Cir. 2009). We also review

---

[2] Only the order granting McCardle's motion—not the order denying the Lees' motion—is properly before us. *See Poolaw v. Marcantel*, 565 F.3d 721, 728 (10th Cir. 2009) ("Orders . . . denying summary judgment are generally not final appealable orders . . . .").

jurisdictional questions de novo. *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1170 (10th Cir. 2006).

**A**

Initially, we must address whether Angela Lee has Article III standing to bring this appeal. Article III standing is jurisdictional; thus, "where the record reveals a colorable standing issue, we have a 'duty to undertake an independent examination' (*sua sponte* if necessary) of that issue." *United States v. Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012) (quoting *Morgan v. McCotter*, 365 F.3d 882, 887 (10th Cir. 2004)). Article III standing requires that a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The plaintiff bears the burden of "demonstrat[ing] that these requirements are met" and must do so "before a federal court can review the merits of a case." *Petrella v. Brownback*, 697 F.3d 1285, 1293 (10th Cir. 2012).

We discern no plausible basis for Angela Lee to assert Article III standing here. The Lees' alleged injury is the attorney's fees the state court assessed against Adrian Lee. But Adrian Lee was the sole plaintiff in the state-court lawsuit, and the state court entered judgment for attorney's fees against Adrian Lee alone. McCardle alluded to this issue in his response brief on appeal, but the Lees made no attempt in their reply brief to explain what injury in fact Angela Lee could have suffered. Nor did they address Angela Lee's standing at oral argument. Because the Lees fail to demonstrate Angela Lee's standing to bring this case, we vacate the judgment against

5

her below and remand to the district court with directions to dismiss her claims. *See Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016) (declining to consider arguments in favor of standing that the plaintiff failed to "adequately brief[]"); *id.* at 554–55 (vacating order granting summary judgment and remanding with directions to dismiss for lack of jurisdiction where plaintiffs failed to establish Article III standing to bring claims).

**B**

Next, we address McCardle's assertion that Adrian Lee's claims fall outside the zone of interests protected by the automatic stay.[3] Although traditionally viewed as a prudential- or statutory-standing requirement, the zone-of-interests doctrine isn't actually a matter of standing at all; instead, it merely asks whether a particular federal cause of action "encompasses a particular plaintiff's claim." *Lexmark Int'l v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014); *see also United States v. Wells*, 873 F.3d 1241, 1261 (10th Cir. 2017) ("[T]he question that courts have *misguidedly* used the term 'standing' to describe . . . is really whether a particular litigant is a member of a class that Congress has authorized to sue . . . ."). To answer this question, "we presume that a statute ordinarily provides a cause of action 'only to plaintiffs whose interests fall within the zone of interests protected by the law invoked.'" *Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296, 1302 (2017)

---

[3] Neither the bankruptcy court nor the district court addressed this preliminary issue. But McCardle raised this issue to both courts below and does so again on appeal, so we choose to address it. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) (explaining that "we may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court").

(quoting *Lexmark*, 134 S. Ct. at 1388); *see also Lexmark*, 134 S. Ct. at 1388 ("Congress is presumed to 'legislat[e] against the background of' the zone-of-interests limitation, 'which applies unless it is expressly negated.'" (quoting *Bennett v. Spear*, 520 U.S. 154, 163 (1997))).

There's no single test to determine whether a cause of action falls within a statute's zone of interests; rather "the breadth of the zone of interests varies according to the provisions of law at issue." *Bennett*, 520 U.S. at 163. Thus, in the context of the Administrative Procedures Act (APA), under which zone-of-interests issues often arise, the Supreme Court has "said that the test 'forecloses suit only when a plaintiff's "interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that"' Congress authorized that plaintiff to sue." *Lexmark*, 134 S. Ct. at 1389 (quoting *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 225 (2012)). But "what comes within the zone of interests of a statute for purposes of obtaining judicial review of administrative action under the 'generous review provisions' of the APA may not do so for other purposes." *Id.* (quoting *Bennett*, 520 U.S. at 163). We must therefore "us[e] traditional tools of statutory interpretation" to decide whether a claim falls within a particular statute's zone of interests. *Id.* at 1387.

With this understanding of the zone-of-interests doctrine, we analyze whether Lee's claims fall within the Bankruptcy Code's zone of interests. Lee asserts two distinct claims: (1) a claim for a declaratory judgment pronouncing that 11 U.S.C. § 362(a) automatically stayed the state-court lawsuit and (2) a claim for damages

7

under 11 U.S.C. § 362(k) for McCardle's willful violation of that automatic stay. We analyze these claims separately because these two subsections of § 362 don't necessarily share the same zone of interests.

**1**

Section 362(a) imposes an automatic stay when a debtor files a bankruptcy petition. In relevant part, this stay prevents "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor . . . or to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code]." § 362(a)(1). Lee argues that the state-court lawsuit was an action "to recover a claim against" Adam Peeples that was thus barred by the automatic stay, and he seeks a declaratory judgment to that effect. But the only injury Lee alleges is the judgment for attorney's fees assessed against him. Before we reach the merits of Lee's argument, we address whether this injury is the type of injury that falls within § 362(a)'s zone of interests.

We impose a "stringent" zone-of-interests requirement (although we've previously referred to it simply as a "standing requirement" instead) for appeals from bankruptcy-court orders. *Nintendo Co., Ltd. v. Alpex Comput. Corp. (In re Alpex Comput. Corp.)*, 71 F.3d 353, 357 n.6 (10th Cir. 1995). Generally, appellants must show that "the order [appealed from] diminishes their property, increases their burdens, or impairs their rights." *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1500 (10th Cir. 1994) (alteration in original) (quoting *GMAC v. Dykes (In re Dykes)*, 10 F.3d 184, 187 (3d Cir. 1993)). Although Lee arguably meets this

8

general standard, our case law holds that the automatic stay's zone of interests is even more limited.

Specifically, in *Lopez*, we held that an unsecured creditor couldn't appeal an order lifting the automatic stay to allow a secured creditor to foreclose on the debtor's real property because the harms the creditor alleged didn't fall within § 362(a)'s zone of interests.[4] *Id.* at 1501. We explained that the creditor couldn't appeal the order because he didn't have a direct interest in the property at issue, even though he may have been harmed by any loss of value to the estate that could ultimately affect his payout. We expounded that "the automatic stay is for the sole benefit of the debtors' estate . . . [and] it could subvert the [bankruptcy] trustee's powers to allow a creditor to appeal if the trustee chooses not to." *Id.*; *see also Tilley v. Vucurevich (In re Pecan Groves of Ariz.)*, 951 F.2d 242, 244 (9th Cir. 1991) ("[I]f the [bankruptcy] trustee does not seek to enforce the protections of the automatic stay, no other party may challenge acts purportedly in violation of the automatic stay.").

The facts of this case present an even more compelling basis than did the facts of *Lopez* for concluding that the party challenging the automatic stay hasn't asserted a harm within § 362(a)'s zone of interests. Although Lee is a creditor, he hasn't alleged that he's been harmed in his capacity as a creditor. Clearly, McCardle's alleged automatic-stay violation doesn't impair any of Lee's claims against the

---

[4] In *Lopez* we incorrectly characterized this as a standing issue. *See Lopez*, 14 F.3d at 1501; *Lexmark*, 134 S. Ct. at 1387.

9

Peepleses' bankruptcy estate. When the Peepleses' bankruptcy case concludes and their assets are divided among their creditors, Lee will receive the exact same payout that he would have had the state-court lawsuit been stayed. Instead, Lee seeks to protect himself from having to pay attorney's fees assessed against him in a state-court lawsuit. Lee's goal thus falls outside the stay's zone of interests. *Cf. Magnoni v. Globe Inv. & Loan Co., Inc. (In re Globe Inv. & Loan Co., Inc.)*, 867 F.2d 556, 560 (9th Cir. 1989) (holding that automatic stay's zone of interests didn't extend to creditors whose injuries stemmed from their status as "aggrieved property owners," not creditors).

Moreover, Lee doesn't suggest that remedying his injury will benefit the bankruptcy estate. Instead, he responds that his declaratory-judgment claim must fall within the automatic stay's zone of interests because otherwise he has no redress for his injury (i.e. the state-court judgment). But this isn't the case: Lee's injury is the state court's assessment of attorney's fees against him and he may appeal that order in state court. In any event, Lee's ability to redress his injury is irrelevant to the zone-of-interests analysis. The very point of the zone-of-interests doctrine is that not every injury traceable to the violation of a federal statute is remediable in the federal courts. *See Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 395–96 (1987) (describing zone-of-interests doctrine as limiting causes of action where Congress didn't "intend[] to allow suit by every person suffering injury in fact" from statutory violation). An injury in fact that is traceable to the defendant's actions is already a necessary condition for Article III standing. *See Spokeo*, 136 S. Ct. at 1547. If we

10

accept Lee's argument, then there could never be a case in which a plaintiff meets Article III's standing requirements but fails the zone-of-interests test; the test for Article III standing would swallow the zone-of-interests doctrine. *Cf. Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 177 (2011) (construing Title VII's zone of interests "more narrowly than the outer boundaries of Article III").

At oral argument, Lee further argued that he must necessarily have the power to enforce the automatic stay because otherwise no one could. This isn't true either; the bankruptcy trustee could have enforced the automatic stay if doing so were in the estate's interest. And the bankruptcy trustee's decision not to enforce the automatic stay precisely illustrates the zone-of-interests doctrine's application here: to the extent that the bankruptcy trustee concludes that enforcing the automatic stay wouldn't benefit the estate, doing so would further no congressional purpose. Lee certainly doesn't suggest that Congress created the automatic stay to allow creditors to avoid judgments for attorney's fees they incurred while attempting to collect their debts. *Cf. Magnoni*, 867 F.2d at 560 ("The appellants' cause of action under section 362 is a disingenuous attempt to use the Bankruptcy Code to their advantage."). We therefore conclude that § 362(a)'s zone of interests doesn't extend to Lee's attempt to avoid the attorney's fees the state court assessed against him. Accordingly, we agree that Lee's declaratory judgment claim must be dismissed.

## 2

Whether Lee's claim for damages falls within § 362(k)'s zone of interests is a slightly different question. The language of § 362(k) suggests a broader reach than

11

§ 362(a): it provides that "an *individual* injured by any willful violation of a stay provided by this section shall recover actual damages." § 362(k) (emphasis added). Because the zone-of-interests doctrine presumes congressional intent to limit causes of action, Congress can expand a statute's zone of interests with language indicating that a cause of action extends to a broader range of claims. *See Lexmark*, 134 S. Ct. at 1388. But broad language doesn't necessarily expand a statute's zone of interests to Article III's limits. For example, the Supreme Court interpreted the language "person aggrieved" in Title VII as incorporating the APA's zone-of-interests test instead of expanding upon it. *Thompson*, 562 U.S. at 178. So even though anyone with Article III standing could conceivably be a "person aggrieved," the Court refused to assume that Congress intended Title VII's zone of interests to extend to those who are marginally harmed by workplace discrimination. *See id.* at 176–77.

We read "individual" in § 362(k) similarly. "[T]he nature of bankruptcy litigation . . . almost always implicates the interests of persons who are not formally parties to the litigation." *Tilley*, 951 F.2d at 245. Congress couldn't possibly have intended for anyone who is marginally injured by an automatic-stay violation to sue for damages under § 362(k). Such claims are limited to those whose interests Congress intended to protect with the automatic stay. *See St. Paul Fire & Marine Ins. Co v. Labuzan*, 579 F.3d 533, 540 (5th Cir. 2009) ("If Congress intended to abrogate the prudential standing requirement by enacting § 362(k), that intent is not expressed clearly.").

As we explained above, the automatic stay is for the benefit of the estate. But the term "individual" at least suggests that § 362(k) is meant for some party or parties other than the bankruptcy trustee.[5] The most logical conclusion is that § 362(k) creates a cause of action for debtors and creditors. As the Fifth Circuit explained, the automatic stay's specific purposes are to protect the debtor from collection efforts and to protect creditors from inequitable treatment. *See St. Paul Marine & Fire Ins.*, 579 F.3d at 540. So § 362(k)'s zone of interests extends to debtors and creditors when they allege those types of harms. But when a creditor alleges an injury in some capacity other than as a creditor, the automatic stay's goal of ensuring equal creditor treatment isn't implicated. *See id.* at 545 ("[T]he Labuzans, as pre-petition creditors of CTL, have standing to assert a claim against St. Paul . . . [but] to the extent the Labuzans' claims are based on their status as *owners/equity holders* of CTL, § 362(k) cannot be invoked."); *In re Ampal-Am. Isr. Corp.*, 502 B.R. 361, 371 (Bankr. S.D.N.Y. 2013) ("In other words, the fact that someone is a pre-petition creditor is not a foot in the door that allows the creditor to recover damages for injuries suffered to its non-creditor interests.").

As explained above, Lee may be the Peepleses' creditor, but McCardle's alleged automatic-stay violation didn't harm him in that capacity. Lee's claim for damages therefore falls outside of § 362(k)'s zone of interests. Accordingly, we agree that Lee's § 362(k) claim must be dismissed.

---

[5] The Bankruptcy Code doesn't define "individual." *See* 11 U.S.C. § 101.

\*　　\*　　\*

The interests that led Congress to create the automatic stay simply aren't harmed when a state court assesses attorney's fees against a creditor. Because devoting further attention to Adrian Lee's claims wouldn't further congressional policy, those claims aren't within the automatic stay's zone of interests and therefore he may not assert them. We thus affirm the district court's judgment against Adrian Lee. But because Angela Lee hasn't established that she has Article III standing, we vacate the district court's judgment against her and remand with instructions to dismiss her claims for lack of jurisdiction.