**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: LINO MIRANDA MUNOZ,

Debtor.

----------------------------

SUPERIOR CLEANING SERVICE, LLC,

Plaintiff - Appellant,

v.

LINO MIRANDA MUNOZ,

Defendant - Appellee.

No. 18-1395
(D.C. No. 1:17-CV-01910-WJM-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Plaintiff-Appellant Superior Cleaning Service, LLC (Superior) appeals the

Bankruptcy Court's decision denying its request that all of a state court judgment

owed to it by Debtor-Defendant-Appellee Lino Munoz be excepted from Munoz's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discharge as a debt obtained by fraud. It also appeals the Bankruptcy Court's failure to award it attorney fees incurred in the adversary proceeding. We conclude we lack jurisdiction to consider the fees issue but, exercising jurisdiction under 28 U.S.C. § 158(d), affirm the Bankruptcy Court's decision that only a portion of the state court judgment was nondischargeable.

## BACKGROUND

In 2014, Munoz filed suit against Superior in Colorado state court, asserting claims for breach of contract and unjust enrichment arising from an independent contractor agreement between the parties regarding window cleaning services. Superior answered and filed counterclaims against Munoz, including for breach of contract, fraud, and civil theft. The state court's clerk entered default against Munoz on Superior's counterclaims after Munoz failed to answer them. The state court later denied Munoz's motion to set aside the default.

The case proceeded to a four-day jury trial on Munoz's claims against Superior and any damages to be awarded on Superior's counterclaims. Because default had been entered against Munoz on the counterclaims, the state court instructed the jury that Munoz was liable on Superior's fraud and other counterclaims as a matter of law and that he had admitted Superior's allegations against him.

At the conclusion of the trial, the jury found against Munoz on his claims against Superior and awarded Superior $1 in nominal damages on its breach of contract counterclaim, $1 in nominal damages on its fraud counterclaim, and $12,500 in exemplary damages on the fraud claim. The state court reduced the exemplary damages

2

award to $1, because Colorado law prohibits exemplary damages in excess of actual damages, resulting in a modified jury verdict awarding $3 to Superior, $2 of which related to Superior's fraud counterclaim.

After trial, Superior moved for an award of attorney fees under the fee-shifting provision in the parties' agreement, which awards reasonable attorney fees to "the prevailing [p]arty" in "any dispute arising from or related to" their agreement. Aplt. App. Vol. III at 19-20 (quoting agreement). Pursuant to this provision, the state court awarded more than $78,000 in attorney fees to Superior because it was the prevailing party on both Munoz's claims and its own counterclaims. Munoz unsuccessfully challenged the fee award, leading the state court to award Superior additional attorney fees. The state court later consolidated the $3 in damages awarded by the jury and its attorney fee awards to Superior into a final judgment against Munoz for more than $90,000 ("State Court Judgment").

A few months later, Munoz filed a Chapter 13 bankruptcy petition. Superior responded by filing an adversary proceeding seeking a determination that the State Court Judgment was a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A) because it was based on fraud. *See id.* (excepting from discharge debts "to the extent obtained by . . . actual fraud"). Superior moved for summary judgment, and one of the issues the parties debated in their briefing was whether the entire State Court Judgment was nondischargeable under the statute or only the portion of it that arose from Superior's fraud counterclaim. Superior's position was that the Supreme Court's decision in *Cohen v. de la Cruz*, 523 U.S. 213 (1998), entitled it to a finding that the entire State Court

3

Judgment, including all of the state court's attorney fee awards, was nondischargeable because a portion of the Judgment indisputably arose from its fraud counterclaim.[1] Superior also argued that *Cohen* barred the Bankruptcy Court from deciding that only a portion of the State Court Judgment was excepted from discharge and, further, that an apportionment analysis would be an impermissible collateral attack on the Judgment. Munoz countered that *Cohen* did not support Superior's argument, that only the portion of the state court's attorney fee awards that arose from the fraud counterclaim was potentially nondischargeable under § 523(a)(2)(A), and that summary judgment should be denied because Superior had not presented evidence that would allow the Bankruptcy Court to determine what portion of the State Court Judgment arose from fraud. Munoz also opposed Superior's request, included in its summary judgment motion, that it be awarded attorney fees incurred in the adversary proceeding under the fee-shifting provision in the parties' contract.

The Bankruptcy Court granted Superior summary judgment in part and denied it in part. As relevant to this appeal, it rejected Superior's argument that *Cohen* entitled it to the entire State Court Judgment, noting *Cohen* "did not eliminate the requirement of causation," because the Supreme Court had recognized in *Cohen* that the "amount

---

[1] In *Cohen*, the Court considered whether nondischargeability under § 523(a)(2)(A) extends only to the value of what the debtor gained through fraud or whether it extends to "all liability arising from fraud," 523 U.S. at 215, which in *Cohen* included treble damages and attorney fees awarded under a state consumer fraud statute, *see id.* at 215-16. The Court held nondischargeability under the statute extended to "all liability arising from fraud, and that an award of treble damages [under the state fraud statute] therefore falls within the scope of the exception." *Id.* at 215.

4

excepted from discharge [under § 523(a)(2)(A)] must be 'arising from' or 'on account of' fraud." Aplt. App. Vol. III at 24 (quoting *Cohen*, 523 U.S. at 220-21). Applying this rule, the Bankruptcy Court found the amount of the State Court Judgment attributable to Munoz's fraud, as litigated and decided in the state court proceedings, was $2. As a result, the Bankruptcy Court held this portion of the State Court Judgment was nondischargeable. The court concluded the remainder of the judgement, including the more than $90,000 in attorney fees, was dischargeable because it arose from and was on account of the parties' contract. The Bankruptcy Court did not address Superior's request for an attorney fee award in the adversary proceeding in its decision.

Superior appealed the Bankruptcy Court's decision to the district court, where it argued the court had erred in determining that only $2 of the total award was nondischargeable and in failing to award Superior its attorney fees in the adversary proceeding. As relevant here, Superior argued again that it was not required to demonstrate what portion of the State Court Judgment was on account of fraud because the entire State Court Judgment was nondischargeable under § 523(a)(2)(A) pursuant to *Cohen*.

On referral from the district court, the magistrate judge recommended that the court reject Superior's "all or nothing" argument, *see* Aplt. App. Vol. IV at 38, but also concluded the state court must have awarded at least a portion of Superior's attorney fees on the basis of the fraud counterclaim and damages the Bankruptcy Court had found to be nondischargeable. As a result, the magistrate judge recommended that the district court remand the nondischargeability issue to the

5

Bankruptcy Court so it could determine what portion of the attorney fees included in the State Court Judgment were nondischargeable because they arose from Superior's fraud counterclaim. The magistrate judge also recommended that the district court remand Superior's request for an award of its attorney fees in the adversary proceeding to allow the Bankruptcy Court to determine whether fees incurred in the adversary proceeding were within the scope of the parties' contractual fee-shifting provision and, if so, whether Superior was a prevailing party in the adversary proceeding.

Munoz objected to the magistrate judge's recommendation, arguing Superior had not argued for or presented evidence in the Bankruptcy Court that would allow the court to apportion the state court attorney fee awards as the magistrate judge had recommended, and that it was improper under these circumstances to give Superior a second bite at the nondischargeability apple. He also objected to the magistrate judge's recommendation regarding Superior's claim to attorney fees in the adversary hearing, arguing Superior had no statutory or contractual right to recover them. Superior did not file objections to the magistrate judge's recommendations, but rather stated in a response to Munoz's objections that it agreed with them.

After considering the magistrate judge's recommendations and the parties' filings, the district court adopted the magistrate judge's initial recommendation and rejected Superior's argument that the entirety of the State Court Judgment was

6

nondischargeable based on Superior's recovery of $2 on its fraud counterclaim.[2] But the district court did not adopt the magistrate judge's recommendation to remand the nondischargeability issue to the Bankruptcy Court for an apportionment analysis. Instead, the court held that Superior had explicitly waived this theory of recovery by arguing against apportionment when Munoz raised the issue in the Bankruptcy Court and on appeal. As a result, the district court affirmed the Bankruptcy Court's decision that only $2 of the State Court Judgment was nondischargeable because it arose from Superior's fraud counterclaim. But the district court adopted the magistrate judge's recommendation that it remand the issue of whether Superior was entitled to its attorney fees for the adversary proceeding to the Bankruptcy Court for decision. This appeal followed.

## DISCUSSION

### A. Appellate Jurisdiction

"Jurisdiction is a threshold question which an appellate court must resolve before addressing the merits of the matter before it." *W. Energy All. v. Salazar*, 709 F.3d 1040, 1046 (10th Cir. 2013) (internal quotation marks and alteration omitted). Under 28 U.S.C. § 158, we have "jurisdiction of appeals from all *final decisions*, judgments, orders, and decrees entered" by the district court on appeals from the Bankruptcy Court. *Id.* § 158(d) (emphasis added). "[A] decision of the

---

[2] The district court held Superior had misread *Cohen* because it failed to recognize that *Cohen* required a showing that the allegedly nondischargeable debt "arose from" amounts obtained by fraud. *See* Aplt. App. Vol. IV at 84 (quoting *Cohen*, 523 U.S. at 215).

district court on appeal from a bankruptcy judge's final order is not itself final if the decision remands the case to the bankruptcy judge for significant further proceedings." *Masunaga v. Stoltenberg (In re Rex Montis Silver Co.*), 87 F.3d 435, 438 (10th Cir. 1996) (internal quotation marks omitted). We asked Superior to address our jurisdiction to hear this appeal because the decision presented for review includes a remand of the adversary proceeding attorney fees issue to the Bankruptcy Court.

Superior argues the remand does not deprive us of jurisdiction to consider its appeal because the attorney fees issue is collateral to the Bankruptcy Court's decision on the merits. We agree in part. In *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988), the Supreme Court held that "a claim for attorney's fees is not part of the merits of the action to which the fees pertain," *id.* at 200, with the result that "an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final" for purposes of appellate jurisdiction, *id.* at 202. *See also Rex Montis*, 87 F.3d at 438 (when remanded matter is unlikely to affect the issues on appeal, remand to Bankruptcy Court is not "significant further proceedings" rendering the district court decision non-final). Thus, we have jurisdiction to hear Superior's challenge to the Bankruptcy Court's merits determination on the nondischargeability issue.

But we lack jurisdiction to consider Superior's argument that it is entitled to recover its attorney fees in the adversary proceeding. This is so because there is currently no Bankruptcy Court decision for us to review on this issue. And even if the Bankruptcy Court's failure to address this issue in its summary judgment order

8

could be viewed as a denial of Superior's request, the district court's decision on this issue is not final, as required for jurisdiction under § 158(d), because it remanded this very issue to the Bankruptcy Court for determination. Accordingly, we do not have jurisdiction to address the parties' arguments regarding Superior's request for attorney fees in the adversary proceeding.

**B. Nondischargeability decision**

"When hearing an appeal from a district court's review of a bankruptcy-court order, we independently review the Bankruptcy Court's decision, applying the same standard as the district court." *Lee v. McCardle (In re Peeples)*, 880 F.3d 1207, 1212 (10th Cir. 2018) (internal quotation marks and alterations omitted). "We review bankruptcy-court orders granting summary judgment in adversarial proceedings de novo, and affirm if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal citation and quotation marks omitted).

The Bankruptcy Court granted Superior's summary judgment motion in part by excepting $2 of the State Court Judgment from Munoz's discharge, but held the remainder of the Judgment was not a debt arising from or on account of fraud and hence was not excepted from discharge under § 523(a)(2)(A). As part of this decision, the Bankruptcy Court rejected Superior's argument that the Supreme Court's decision in *Cohen* prohibited apportionment of the State Court Judgment and mandated that the entire Judgment, including the attorney fee awards, was nondischargeable because it included damages awarded for fraud. Though Superior challenged this determination in its appeal to the district court, it has not renewed this argument in its appeal to this court.

9

Accordingly, Superior has forfeited appellate review of its *Cohen*-based all-or-nothing argument. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

Rather than renewing its unsuccessful arguments to the bankruptcy and district courts in this appeal, Superior takes a new tack. It argues here that the Bankruptcy Court erred in its apportionment of the State Court Judgment because the state court record establishes that all of the claims and counterclaims in that case arose from the fraud the state court held was conclusively established by the Clerk's entry of default against Munoz. As a result, Superior contends, all of the attorney fee awards and damages included in the State Court Judgment arose from and are on account of Munoz's fraud and are nondischargeable.

For our purposes, the chief problem with this argument is that Superior did not present it to the Bankruptcy Court or even the district court on appeal.[3] Instead, as the district court properly concluded:

---

[3] After appellate briefing was completed in the district court and the magistrate judge recommended that the district court reject Superior's *Cohen*-based, all-or-nothing argument, Superior argued for the first time in its response to Munoz's objections that the entire State Court Judgment was nondischargeable because its fraud counterclaim against Munoz was so "inextricably linked" with its breach of contract counterclaim that the "true nature" of the entire Judgment was nondischargeable fraud. Aplt. App. Vol. IV at 64-65; *see id.* at 63-66. Given its timing, it appears this new argument was an effort to persuade the district court to decide the apportionment issue itself, and in Superior's favor, rather than remanding the issue to the Bankruptcy Court for determination as the magistrate judge had recommended.

Superior consistently argued below and on appeal that the entire [State Court] Judgment is *per* se nondischargeable and that an apportionment analysis would be clear legal error. Superior maintained this argument in the face of Munoz's repeated statements—statements that were, to a degree, against his own interest—that apportionment might be possible but Superior has not requested, nor assembled a record sufficient for, proper apportionment findings.

Aplt. App. Vol. IV at 89. As a result, the district court held Superior had explicitly waived any argument that the Bankruptcy Court apportioned the State Court Judgment incorrectly. *See id.*

Superior ignores the district court's waiver ruling in its opening brief, but then, in response to Munoz's argument on the issue, attempts to show in its reply brief that it had sufficiently raised its current apportionment argument in the Bankruptcy Court. We are not persuaded. Superior's general references in its Bankruptcy Court filings to the verdict on its fraud counterclaim "as demonstrated by the docket of the [State Court Action]," *see* Reply Br. at 8-9, neither informed the Bankruptcy Court that Superior contended all of the parties' claims and counterclaims arose from Munoz's alleged fraud nor provided record support for such an assertion. And though Superior points to one instance in the Bankruptcy Court in which it alleged that its fraud claim was "inextricably intertwined with the other claims asserted and litigated" in the state court action, *id.* Vol. III at 13, it provided no record support for this conclusory statement and asserted it in an entirely different context—its argument that apportionment of the State Court Judgment was legally barred by the *Rooker-Feldman* doctrine. *See id.* at 13-14. As result, this and the other references

on which Superior now relies did not raise its current apportionment theory before the Bankruptcy Court.

Further, Superior makes little effort in its reply brief or otherwise to confront the basis of the district court's waiver finding, which was that Superior knowingly, deliberately, and repeatedly rejected apportionment as a basis for the Bankruptcy Court to determine whether all or some of the Judgment arose from fraud and was therefore nondischargeable. In fact, Superior asserted apportionment of the State Court Judgment was legally barred. *See, e.g.*, *id.* at 11 (stating that Munoz's apportionment arguments "are directly contradicted by well-established law that is binding on this Bankruptcy Court"); *id.* at 13 (arguing that "dissecting the [State Court] Final Judgment as Munoz demands would impose a limitation on Munoz's full liability to Superior, failing to make Superior whole, in direct contravention of *Cohen*." (internal quotation marks omitted)); *id.* at 12 (claiming Munoz's argument to "piecemeal the [State Court] Judgment, isolating only the 'portion' of the overall award that is attributable to the fraud claim" was rejected in *Cohen*).

"Waiver is the intentional relinquishment or abandonment of a known right." *United States v. Dahda*, 853 F.3d 1101, 1117 (10th Cir. 2017) (internal quotation marks and brackets omitted), *aff'd*, 138 S. Ct. 1491 (2018). "[A] party that has waived a right is not entitled to appellate relief." *United States v. McGehee*, 672 F.3d 860, 873 (10th Cir. 2012) (internal quotation marks and emphasis omitted); *see Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011) ("If the theory was intentionally relinquished or abandoned in the district court, we usually deem it

12

waived and refuse to consider it."). Based on our review of the Bankruptcy Court record, we agree with the district court that Superior waived any argument that the Bankruptcy Court erred in its apportionment of the State Court Judgment.[4]

## CONCLUSION

For the reasons stated above, we AFFIRM the Bankruptcy Court's decision apportioning $2 of the State Court Judgment to Munoz's fraud and holding only this portion of the Judgment was nondischargeable under § 523(a)(2)(A). We also DISMISS Superior's appeal regarding its attorney fee request in the adversary proceeding for lack of jurisdiction.

Entered for the Court

Allison H. Eid
Circuit Judge

---

[4] The district court also considered whether there were grounds to reverse the Bankruptcy Court's decision if Superior merely forfeited its new apportionment argument, that is, simply neglected to raise the argument before the Bankruptcy Court. *See Richison*, 634 F.3d at 1128 ("Waiver is accomplished by intent, but forfeiture comes about through neglect." (internal quotation marks omitted)). "Unlike waived theories, we will entertain forfeited theories on appeal, but we will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result." *Id.* at 1128. But we will not consider reversal based on a forfeited theory if the appellant fails to argue for plain error and its application on appeal. *See id.* at 1131 (noting that failing to argue plain error on appeal waives the argument in this court). Here, we agree with the district court that Superior waived rather than forfeited an apportionment argument. Further, even if we were to find forfeiture only, Superior did not argue plain error on appeal, which "surely marks the end of the road" for this argument. *Id.*

13