**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: CHARLES C. WALDO;
ETHANNE S. WALDO,

    Debtors.

-----------------------------

CHARLES C. WALDO; ETHANNE
S. WALDO,

    Appellants,

v.

BANK OF NEW YORK MELLON
TRUST COMPANY; OCWEN
LOAN SERVICING, LLC,

    Appellees.

No. 21-4050
(D.C. No. 2:20-CV-00238-DBB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **EID**, and **ROSSMAN**, Circuit Judges.

_____

---

[*]    Oral argument would not help us, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); Tenth Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); Tenth Cir. R. 32.1(A).

This appeal involves property once owned by Charles and Ethanne Waldo. The Waldos obtained a mortgage, which was secured by a deed of trust. The Waldos eventually defaulted on the loan, triggering foreclosure proceedings. But the Waldos filed bankruptcy. In the bankruptcy proceedings, the Waldos unsuccessfully tried to prevent a creditor from enforcing the debt. Our appeal involves the aftermath of those bankruptcy proceedings.

## I.      The Waldos challenge the proof of claim involving the mortgage.

In those bankruptcy proceedings, a proof of claim was filed by the Bank of New York Mellon Trust Company, NA, as Indenture Trustee for the IMC Home Equity Loan Owner Trust 1998-7, and Ocwen Loan Servicing, LLC. The Waldos objected, but didn't deny arrearage on the mortgage. They instead questioned whether the bank and Ocwen could enforce the debt. The bankruptcy court overruled the Waldos' objection and granted summary judgment to the bank and Ocwen.[1]

The Waldos unsuccessfully moved to reopen and later sought reconsideration of the refusal to reopen, arguing that the bank and Ocwen

---

[1]     The bankruptcy court conducted a hearing and issued a written order. We don't know whether the bankruptcy court provided an oral explanation because the bankruptcy court's docket contains no transcript or audio recording of the hearing. We thus lack any explanation from the bankruptcy court for its rulings. But the Waldos never properly appealed the bankruptcy court's denial of their objection or grant of summary judgment to the bank and Ocwen.

had no right to enforce the debt. In making this argument, the Waldos again questioned the proof of claim, insisting that the mortgage contract was no longer valid, Ocwen no longer serviced the loan, and the bank entity (that filed the proof of claim) no longer existed.

## II. The bankruptcy court denies the motions to reopen and reconsider.

To decide the motion to reopen, the bankruptcy court considered how long the case had been closed, the possible relief for the Waldos, the strength of the fraud allegations, the similarity between the current allegations and earlier allegations, the potential for another court to hear the issues raised in the motion, the prejudice to Ocwen and the bank, and the prejudice to the Waldos if the case were to remain closed. The bankruptcy court concluded that these factors weighed against the Waldos, so the court denied their motion to reopen.

The Waldos asked the bankruptcy court to reconsider, but the court treated the request as a motion to alter or amend a judgment and denied relief.

The district court affirmed, and the Waldos appeal.

## III. Article III Standing

Before reviewing the bankruptcy court's rulings, we assess Article III standing, which entails a jurisdictional issue. *See Lee v. McCardle (In re Peeples)*, 880 F.3d 1207, 1212 (10th Cir. 2018). The Waldos deny that

3

the bank has Article III standing in the appeal. But it is the Waldos, not the bank, who have invoked federal jurisdiction. So it's the Waldos who must show Article III standing. *See Spokeo, Inc., v. Robins*, 578 U.S. 330, 338 (2016). The Waldos do have Article III standing, and no one contends otherwise.

We need not address whether the bank had Article III standing in the bankruptcy court. The bank's standing in bankruptcy court could bear on summary judgment, but the Waldos didn't properly appeal the summary-judgment ruling.

## IV.    Discretion to Reopen or Reconsider

The bankruptcy court did not err in declining to reopen the proceedings or to reconsider that ruling.

### A.    Standard of Review

Despite the district court's ruling, we independently review the bankruptcy court's decisions without deferring to the district court's analysis. *WD Equip., LLC v. Cowen (In re Cowen)*, 849 F.3d 943, 947 (10th Cir. 2017). In conducting this review, we apply the abuse–of–discretion standard. *See Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (motion to alter or amend the judgment); *Woods v. Kenan (In re Woods)*, 173 F.3d 770, 778 (10th Cir. 1999) (motion to reopen). The bankruptcy court abuses its discretion if the decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Rocky Mountain*

4

*Christian Church v. Bd. of Cnty. Comm'rs*, 613 F.3d 1229, 1239 (10th Cir. 2010) (internal quotation marks omitted).

### B.    Motion to Reopen

In seeking reopening, the Waldos presented numerous theories. Most stemmed from alleged trickery by the bank and Ocwen in filing the proof of claim in bankruptcy court.

**Duration.** The Waldos contend that the bankruptcy court focused too heavily on how long the case had been closed. The bankruptcy court did label the passage of time the "most influential" factor. Suppl. R. at 549. And the Waldos correctly say that no time bar prevents the setting aside of a judgment for fraud on the court. *United States v. Buck*, 281 F.3d 1336, 1341–42 (10th Cir. 2002). But the passage of time is a proper factor for a bankruptcy court to consider when deciding whether to reopen a case. *See Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010). The bankruptcy court did not treat the passage of time as conclusive; the court considered this as just one of several factors. In doing so, the court acted within its discretion. *See id.*

**Prejudice.** The bankruptcy court also acted within its discretion when finding that reopening would prejudice Ocwen and the bank by forcing them to relitigate the validity of their proof of claim. In the Waldos' view, Ocwen and the bank shouldn't have participated in this case, so reopening the case would not have prejudiced them. The Waldos'

argument ignores the interest of Ocwen and the bank in defending their judgment. Although the Waldos downplay the expected costs for Ocwen and the bank, the bankruptcy court could reasonably consider those costs prejudicial.

**Consideration of the Waldos' arguments.** The Waldos assert that the bankruptcy court ignored their arguments and evidence. We disagree. The bankruptcy court denied the Waldos' motion to reopen and explained the decision. The Waldos do not point to anything in the record showing that the bankruptcy court ignored any arguments or evidence.

**Standing.** The Waldos imply that the bankruptcy court overlooked their challenge to Article III standing for Ocwen and the bank. But the Waldos' motion to reopen did not challenge Article III standing of Ocwen or the bank.

**Fraud on the court.** The motion instead attacked the grant of summary judgment based on fraud on the court. In arguing that Ocwen and the bank had committed a fraud on the court, the Waldos asserted that "there was never the requisite [s]tanding to file a [c]laim." Suppl. R. at 539. Rejecting this assertion, the bankruptcy court pointed out that the Waldos had already raised nearly identical challenges. This characterization fell within the bankruptcy court's discretion, and the Waldos have not shown an abuse of discretion in the denial of their motion to reopen.

6

### C.    Motion to Reconsider

Nor did the bankruptcy court err when denying the Waldos' motion to reconsider.

The bankruptcy court could reconsider when the controlling law has changed, new evidence becomes available, or correction is needed because of a clear error or manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Applying these factors, the bankruptcy court concluded that nothing had substantially changed since the ruling on the motion to reopen.

The Waldos argue that the bankruptcy court ignored some of their arguments. We disagree. The court said that it had considered all of the arguments, and we have no reason to think otherwise.

Granted, the bankruptcy court did not address the Waldos' references to Article III standing. But even if these references had constituted an argument based on a lack of Article III standing, the bankruptcy court would have acted within its discretion by declining to consider the argument: The Waldos had not presented the argument in their motion to reopen, and the bankruptcy court didn't need to consider arguments that could have been presented earlier. *See Banister v. Davis*, 140 S. Ct. 1698, 1708 (2020).

The Waldos contend that the attorney for Ocwen and the bank "should not have been allowed to participate" in the proceedings.

7

Appellant's Opening Br. at 3a.[2] For this contention, the Waldos cite perceived deficiencies in the attorney's entry of appearance:

1.      The attorney never filed an entry of appearance for Ocwen or its successor.

2.      The attorney's appearance form identified the bank by its old name.

This argument is invalid under Federal Rule of Bankruptcy Procedure 9010(b): "An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record." This rule applies because the record otherwise clarifies that the attorney represented both Ocwen and the bank. For example, the attorney's brief for summary judgment identifies the clients as Ocwen and the bank under its new name. So any perceived deficiencies in the entry of appearance wouldn't matter.[3] For this contention, the Waldos have not shown that the bankruptcy court abused its discretion when denying reconsideration.

---

[2]    The attorney did not participate in the proceedings related to the motion to reopen, so we understand this argument to address the denial of reconsideration.

[3]    We deny the Waldos' request to strike the entry of appearance filed here by counsel for Ocwen and the bank. The entry of appearance complies with Tenth Circuit Rule 46.1.

### D.    The Waldos' Additional Arguments

The Waldos challenge the bankruptcy court's award of attorney's fees. The bankruptcy court ordered the fees more than a month after the Waldos had filed their notice of appeal. The Waldos did not file a supplemental notice of appeal, a step necessary to give us "jurisdiction over an attorneys' fees issue that becomes final subsequent to the initial notice of appeal." *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1250 (10th Cir. 1999). So we lack jurisdiction to consider the award of attorney's fees.

The Waldos make several claims that appear to challenge the bankruptcy court's ruling on summary judgment. But that ruling isn't at issue, so we cannot consider the Waldos' challenge to the grant of summary judgment. *See Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1195-96 (10th Cir. 2005).

The Waldos allege many problems with the district court's analysis. They argue, for example, that the district court erred by ignoring evidence and by taking judicial notice of several documents. We have independently reviewed the bankruptcy court's rulings, disregarding the documents noticed by the district court, and we find no abuse of discretion.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge